Ralph BLOCKER, a minor, by Mr. and
Mrs. Albert W. Knox, his guardians
and next friend, et al., Plaintiffs,

v.

The BOARD OF EDUCATION OF MAN-
HASSET, NEW YORK, et al., Defend-
ants, and George Wiemann et al., Pro-
posed Intervenors.

No. 62–C–285.

United States District Court

E. D. New York.

April 15, 1964.

See also 229 F.Supp. 709.

The six petitioners herein are resi-
dents and taxpayers of Union Free
School District No. 6, Manhasset, New
York, and parents of children currently
attending either the Munsey Park or
Plandome Road Elementary Schools
within the District. They have peti-
tioned this court individually and as par-
ents and next friends of their infant
children for leave to intervene as de-
fendants on behalf of themselves and all
others similarly situated. This petition
was made after the trial of the action
and subsequent to the filing of this
court's opinion on January 24, 1964. See
226 F.Supp. 208 (E.D.N.Y. 1964). The
proposed intervenors seek intervention
as a matter of right pursuant to Rule
24(a) (2) of the Federal Rules of Civil
Procedure.[1]

In the instant case the plaintiffs had
sought the desegregation of the Negro
children of elementary school age resid-
ing within the District. They establish-
ed that 100% of the Negro children at-
tend the Valley Elementary School and
are separated from 99.2% of all the
white children attending elementary
school within the District. Upon these
facts the court found that the mainte-
nance of the neighborhood school attend-
ance area lines, coupled with an inflexi-
ble no-transfer policy, was tantamount
to state imposed segregation. Thereaft-
er, the court entered a decree directing
the defendant School Board to permit
children residing in the Valley School
attendance area to transfer to other ele-
mentary schools within the District com-
mencing with the September 1964 School
Term. Following the court's decision
but prior to the issuance of this decree,
the defendant School Board announced
its decision not to seek appellate review.

1. "Rule 24. Intervention
  "(a) Intervention of Right. Upon
timely application anyone shall be per-
mitted to intervene in an action * * *
(2) when the representation of the ap-

plicant's interest by existing parties is or
may be inadequate and the applicant is or
may be bound by a judgment in the action
* * *."

The petitioners, however, dispute the wisdom of their School Board's decision and seek intervention at this stage in order to appeal the judgment of January 24, 1964.

In its decision of January 24, 1964, this court defined the relationship of the School Board and the community with regard to the problems presented in this case:

> "The repeated references to possible community preference and the statement that the Valley situation is a matter for community determination betray an unwillingness to face an educational problem as such. It is the Board, not the electors, who fix attendance policies. It is the Board, not the electors, who must determine when, if ever, those policies should be modified." 226 F. Supp. at 229.

Now that the Board has recognized this fact and decided not to appeal, some electors of the community have asked this court to appraise the soundness and propriety of that decision by finding that the petitioners may not be represented adequately by the Board. The issue is simply one of disagreement between the proposed intervenors and the Board; no allegation is made that the Board has been negligent or guilty of bad faith in reaching its determination. The Supreme Court, in a closely analogous situation, has warned us of the danger inherent in such a judicial appraisal: "Apart from anything else, sound policy would strongly lead us to decline appellants' invitation to assess the wisdom of the Government's judgment * * * at least in the absence of any claim of bad faith or malfeasance on the part of the Government in so acting." Sam Fox Publishing Co. v. United States, 366 U. S. 683, 698, 81 S.Ct. 1309, 1312–1313, 6 L.Ed.2d 604 (1961). As one commentator has put it, "[r]epresentation by the governmental authorities is considered adequate in the absence of gross negligence or bad faith on their part." 4 Moore, Federal Practice ¶ 24.08, at 43 (2d ed. 1963). The court need not, how-

ever, pass upon the adequacy of the representation afforded the proposed intervenors by the defendant School Board. Nor is there any need to dwell upon the timeliness of this petition. Although intervention at so late a stage in the proceedings is unusual, it is not unprecedented. Pellegrino v. Nesbit, 203 F.2d 463, 37 A.L.R.2d 1296 (9th Cir. 1953); Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505 (1944), *cert. denied*, 323 U. S. 777, 65 S.Ct. 190, 89 L.Ed. 62 (1944). *Cf.*, Cameron v. President and Fellows of Harvard College, 157 F.2d 993 (1st Cir. 1946).

Rule 42(a)(2) requires that "the applicant is or may be bound by a judgment in the action." The parent applicants allege that they "will be bound in that the necessity of additional facilities and buses will be required, all at a cost to them as taxpayers"; that the infant applicants will suffer a "loss of facilities, overcrowding, possible busing, thereby sustaining a loss of life and liberty without due process of law." The effect of the decision and decree of the court upon the infant applicants, conjectured prior to the special hearing conducted by this court, as to the present condition of the District's elementary school system and its ability to absorb Valley children, on March 18, 1964, and the decree entered subsequent thereto on April 7, 1964, appears to have been totally negated thereby. On the basis of testimony adduced at the hearing on March 18th, the court is convinced that there will be no loss of facilities or overcrowding insofar as the infant applicants and others similarly situated are concerned. Furthermore, the court's decree makes it clear that the infant applicants and those whom they represent will not require any busing whatever as a result of the decree. Nor is there any merit to the contentions of the parent applicants that they will or may be "bound" by the court's decree. In its most recent decision on this subject, the Supreme Court has made it clear that a proposed intervenor must show that he is or may be *"legally bound"* before he

may intervene as of right. Sam Fox Publishing Co. v. United States, supra, 366 U.S. at 694, 81 S.Ct. at 1315, 6 L. Ed.2d 604. This the proposed intervenors have not shown. Although it is the electors of the District (including the proposed adult intervenors) who make the ultimate determination as to the School Board's budget, these intervenors allege that the court's opinion will subject them to higher taxes. Even if this were so, it can hardly be contended that the applicants would thus be "legally bound" under the Supreme Court's mandate in Sam Fox Publishing Co. v. United States, *supra.* *Cf.,* Durkin v. Pet Milk Co., 14 F.R.D. 374 (W.D.Ark. 1953); Brotherhood of Locomotive Engineers v. Chicago, M. St. P. & P. R.R., 34 F.Supp. 594 (E.D.Wis. 1940).

■ Similarly, the proposed intervenors would in no way be bound by this decision under the doctrine of res judicata. While some courts would regard this fact alone as being dispositive of their claim, see, Ar-Tik Systems, Inc. v. Dairy Queen, Inc., 22 F.R.D. 122 (E.D. Pa. 1958), this Circuit adheres to a more liberal interpretation of the words "is or may be bound." International Mortgage & Inv. Corp. v. Von Clemm, 301 F.2d 857 (2d Cir. 1962). But see concurring opinion of Judge Hays, 301 F. 2d at 864. "Liberality, however, does not equate with rights of indiscriminate intervention. The applicant must still meet the requirement that he 'is or may be bound' by the judgments." Stadin v. Union Elec. Co., 309 F.2d 912, 918 (8th Cir. 1962). The decision in the instant case may be an adverse precedent to any legal claims which may be alleged by the proposed intervenors in the future. But this fact does not satisfy the requirement of Rule 24(a) (2). Sam Fox Publishing Co. v. United States, *supra;* Stadin v. Union Elec. Co., *supra.* The motion to intervene as of right pursuant to Rule 24(a) (2) is, therefore, denied.

Settle an order consistent herewith on or before ten (10) days from the date hereof.