**Application of Anthony O'KEEFE, Petitioner,**

v.

**NEW YORK CITY BOARD OF ELECTIONS, consisting of James M. Power, Thomas Mallee, Maurice J. O'Rourke, and John R. Crews, et al., Respondents.**

United States District Court
S. D. New York.

Sept. 14, 1965.

Alfred Avins, New York City, for petitioner.

Leo A. Larkin, Corp. Counsel, for New York City Board of Elections; Morris Einhorn, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, John Doar, Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, for the United States; Alan G. Blumberg, Asst. U. S. Atty., David Rubin, Washington, D. C., of counsel.

CROAKE, District Judge.

These are motions by (I) the petitioner: (1) to remand the case to the Supreme Court, New York County or, in the alternative; (2) for leave to amend the request for relief "to convert it into a request for a declaratory judgment and injunction forbidding the New York City Board of Elections from registering anyone who cannot read and write English, as required by New York law;" (3) to amend the title of the action to read: "Anthony O'Keefe, Plaintiff, v. New York City Board of Elections, Defendant;" (4) to convene "a Three-Judge Statutory Court pursuant to 28 U.S.C. §§ 2281, 2282, and 2284;" (5) for leave to file a motion for summary judgment before the expiration of 20 days from the service of the petition; and either (6) for a temporary injunction ordering the respondent to cease registering as voters persons unqualified under New York Law, or in the alternative, (6) (a) for an order requiring respondent to keep a careful record of all persons registered as voters pursuant to § 4(e) of the Voting Rights Act of 1965,[1] who are not qualified voters under the State law; and by (II) the United States to intervene in the action and upon such intervention to dismiss the action for lack of jurisdiction over the subject matter.

The action was commenced in the Supreme Court of New York County and sought to compel "the New York City Board of Elections to register only such persons as voters able to read and write English, pursuant to New York law, and to ignore the U. S. Voting Rights Act of 1965, § 4(e), as being in excess of Congress' power to enact and hence uncon-

---

1. Section 4(e) is as follows:

"(e) (1) Congress hereby declares that to secure the rights under the fourteenth amendment of persons educated in American-flag schools in which the predominant classroom language was other than English, it is necessary to prohibit the States from conditioning the right to vote of such persons on ability to read, write, understand, or interpret any matter in the English language.

(2) No person who demonstrates that he has successfully completed the sixth primary grade in a public school in, or a private school accredited by, any State or territory, the District of Columbia, or the Commonwealth of Puerto Rico in which the predominant classroom language was other than English, shall be denied the right to vote in any Federal, State, or local election because of his inability to read, write, understand, or interpret any matter in the English language, except that in States in which State law provides that a different level of education is presumptive of literacy, he shall demonstrate that he has successfully completed an equivalent level of education in a public school in, or a private school accredited by, any State or territory, the District of Columbia, or the Commonwealth of Puerto Rico in which the predominant classroom language was other than English."

stitutional." [2] An order embodying the above relief was requested under Art. 78 of the Civil Practice Law and Rules and Section 331(1) of the New York Election Law, McKinney's Consol.Laws, c. 17. The Board thereafter removed the action to this court pursuant to 28 U.S.C. § 1443(2).[3]

■■ The court has examined with care the arguments raised and cases cited in support of the request of the petitioner for remand but finds them to be unpersuasive. It appears that the removal to this court was warranted by subsection two of section 1443 in that the action was brought against the Board, an official body, for acting under color of authority derived from § 4(e) of the Voting Rights Act, which is a law providing for equal rights. Moreover, the allegation of the unconstitutionality of § 4(e) does not preclude reliance thereon for the authority under the color of which the Board acted. As the Court of Appeals for this Circuit stated in the recent case of People of State of New York v. Galamison, 342 F.2d 255 (1965), cert. denied, 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272, in disposing of a similar question:

"these are the very questions which, under appellants' construction of § 1443(2), Congress meant to have decided in a federal trial; a defendant seeking removal under that section does not have to prove preliminarily that he will prevail." 342 F.2d at 261–262.

Accordingly, the motion, in so far as it seeks remand of the case, is denied.

■ The motion of the United States to intervene should be granted.[4] The constitutionality of § 4(e) of the Voting Rights Act, which is a statute affecting the public interest, has been drawn into question. Under such circumstances, the United States has an absolute right to intervene.[5] Moreover,

---

2. Affidavit of Alfred Avins, Esq., Aug. 23, 1965, paragraph #2.

3. Section 1443 provides that:
   "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
      *    *    *    *    *
   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

4. On argument of the instant motions, no objection to intervention was asserted on behalf of the petitioner. However, by letter delivered to the court on September 8, 1965, counsel for the petitioner appears to do so. He brings to the attention of the court a development in the action of John P. & Christine Morgan against the Hon. Nicholas deB. Katzenbach, in the District Court for the District of Columbia, and in which counsel is also the attorney for the Morgans. They are New York City voters challenging the constitutionality of § 4 (e) of the Voting Rights Act of 1965. In a memorandum submitted on behalf of the Attorney General in that action and enclosed with the letter, it is urged that the court does not possess jurisdiction because of the failure of the complaint to state a justiciable controversy between plaintiffs and the defendant, that "since the New York election officials are obeying Section 4(e), there is not the slightest present actual controversy between the plaintiffs and the Attorney General of the United States—(even assuming that there would be such a controversy absent an actual threat of enforcement.)" Counsel states that "Judge Alexander Holtzoff of the United States District Court ruled from the bench that he had agreed with this contention of the Department of Justice."
   The question raised is one of considerable interest. It would appear that the instant action is distinguishable from the Morgan case so as to warrant a conclusion different from the one that it is indicated Judge Holtzoff expressed. In any event, the court may raise the absence of subject matter jurisdiction on its own initiative. Rule 12(h), Fed.R.Civ.P.; Burks v. Texas Co., 211 F.2d 443, 445, 47 A.L.R.2d 646 (5th Cir. 1954); 2 Moore, Federal Practice, paragraph 12.23 at p. 2331 (1964).

5. 28 U.S.C. § 2403 provides that:
   "In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or

under Rule 24(b), Fed.R.Civ.P.,[6] the Attorney General, one of the officials who administers the Voting Rights Act of 1965, has the right of permissive intervention, which in this case should be granted. Section 14(b) of the Voting Rights Act provides that:

> "No court other than the District Court for the District of Columbia or a court of appeals in any proceeding under section 9 shall have jurisdiction to issue any declaratory judgment pursuant to section 4 or section 5 or any restraining order or temporary or permanent injunction against the execution or enforcement of any provision of this Act or any action of any Federal officer or employee pursuant hereto."

An examination of the arguments raised upon the issue of the applicability of Section 14(b) to the instant action leads the court to the conclusion that the intendment of this provision is that all actions which question the constitutionality of any provision of the bill are to fall within its purview.[7] Counsel for the petitioner has expended much effort in an attempt to substantiate his contention that "Sec. 14(b) does not vest exclusive jurisdiction (or any jurisdiction) of a proceeding of this kind in the United States District Court for the District of Columbia." The contentions have been scrutinized but are not found to be persuasive.

In the light of this finding, it would appear more orderly that challenges to the validity of Section 14(b) be made in the District Court for the District of Columbia. An Act of Congress is entitled to a presumption of validity. Once having found that such act has provided that this court does not have subject matter jurisdiction of a particular action, maintenance of the argument that the court may proceed to a determination of the validity of such statute would appear to involve conceptual difficulties which this court is not prepared to surmount. The matter can be determined by the District Court to which Congress has granted jurisdiction.[8] Ac-

employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." Rule 24(a), Fed.R.Civ.P., states that: "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene * * *."

6. That rule provides that:
"When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

7. See the Joint Statement of Individual Views to which a majority of the Senate Judiciary Committee subscribed, wherein it is stated, with respect to Section 14(b), that:
"All challenges to the constitutionality or legality of any provision of this bill or any action taken pursuant to it must be litigated in the District Court for the District of Columbia or, when applicable, in a proceeding under section 8, in the appropriate court of appeals." Senate Report #162, part 3, 89th Congress, 1st Session, April 21, 1965, p. 31, U.S. Code Cong. and Adm.News 1965, p. 489.

8. Section 14(b) may be deemed impliedly to extend the territorial jurisdiction of that court so that it may obtain personal jurisdiction over the Board of Elections by service in New York. See First National Bank v. Williams, 252 U.S. 504, 509–510, 40 S.Ct. 372, 64 L.Ed. 690 (1920); United States v. Congress Con-

cordingly, this court expresses no opinion upon the challenges which have been made to the validity of Section 14(b).

Accordingly, the complaint is dismissed for lack of jurisdiction over the subject matter.[9]

So ordered.

struction Company, 222 U.S. 199, 203–204, 32 S.Ct. 44, 56 L.Ed. 163 (1911); Limerick v. T. F. Scholes, Inc., 292 F. 2d 195, 196 (10th Cir. 1961); United States for Use and Benefit of Claussen-Olson-Benner, Inc. v. Doolittle Construction, Inc., 195 F.Supp. 537, 541 (D. Neb.1961); United States for Use of Dillingham v. McCarty, 174 F.Supp. 629 (D.Colo.1959).

9. A single judge may dismiss an application for a three-judge court upon a finding that the district court lacks jurisdiction. Eastern States Petroleum Corp. v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611, 615–616 (1960), cert. denied, 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187 (1960).