Larry BURNS, Eva Lawson and Gene M. Payne, teachers employed by the Board of School Commissioners of the City of Indianapolis, and teaching in the Indianapolis Public Schools, on their own behalf, and on behalf of all other teachers so employed and teaching in the Indianapolis Public Schools, Plaintiffs,

v.

The BOARD OF SCHOOL COMMISSIONERS OF the CITY OF INDIANAPOLIS, INDIANA: Marvin B. Lewallen, President of the Board of School Commissioners, Anna Margaret Alexander, Sammy Dotlich, Mark W. Gray, Robert Defrantz, Landrum Shields and Jerry Belknap, Members of the Board of School Commissioners of the City of Indianapolis, Indiana, and Karl R. Kalp, Acting Superintnedent of Schools, Defendants.

No. IP 69–C–226.

United States District Court
S. D. Indiana,
Indianapolis Division.
June 5, 1969.

Harold Hutson, Indianapolis, Ind., for plaintiffs.

Baker & Daniels, Indianapolis, Ind., for defendants.

## MEMORANDUM OF DECISION

DILLIN, District Judge.

This cause of action, removed to this court by the defendants from the Marion Circuit Court of Marion County, Indiana, comes before the court for hearing on the motion of the plaintiffs to remand the same to said Marion Circuit Court, and on the motion of the defendants to dissolve the temporary restraining order heretofore issued by that court, without notice, before removal.

In order to understand the issues presented, it is necessary to take notice of a related case now pending in this court entitled United States of America v. The Board of School Commissioners of Indianapolis, Indiana, Et Al, being Cause No. IP 68–C–225. Such related action is an action initiated by the Attorney General on behalf of the United States pursuant to Section 407(a) and (b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000c–6(a) and (b). This court has jurisdiction of such action under such statutes and under 28 U.S.C. § 1345. Briefly stated, the action seeks an order enjoining the defendant Board of School Commissioners and other officials of the Indianapolis public school system from allegedly discriminating on the basis of race or color in the operation of the Indianapolis public school system, and to order them to adopt and implement a plan for the elimination of such allegedly discriminatory practices in compliance with the Fourteenth Amendment.

On August 5, 1968, this court entered its findings of fact and conclusions of law in said Cause No. 68–C–225, finding that the defendants and their predecessors in office have had a general policy of assigning teachers and staff members to schools in such a manner that the racial composition of such teachers and administrators has mirrored the racial composition of the student bodies of

such schools, resulting in a disproportionately high number of Negro teachers in schools with a high Negro student body and a disproportionately low number of Negro teachers in schools with all or almost entirely white student bodies. The court concluded, as a matter of law, that the racial composition of the faculty and staff aforesaid deprived students of the equal protection of the laws in violation of the Fourteenth Amendment, and ordered certain assignments of teachers for the school year 1968–1969 which would tend to alter such existing ratios to the end that faculties in the various schools under the administration of the defendants become desegregated. The court retained jurisdiction over the case, it being understood by both parties and by the public that additional teacher transfers were contemplated for following school years, hopefully by agreement of the parties, and if the parties were unable to agree, then as ordered by the court upon further hearing.

Following such findings, conclusions, and order of the court in said Cause No. IP 68–C–225, Larry Burns and Eva Lawson, plaintiffs in the current action, and two others, all teachers in the public schools of Indianapolis, attempted to intervene in such prior case on the theory that, as teachers, they had a legal interest in the subject matter of the action brought by the United States. Their motion was denied by the court on the authority of United States v. Board of Education of Bessemer, 5 Cir., 1968, 372 F.2d 836; Blocker v. Board of Education of Manhasset, N. Y., E.D.N.Y., 1964, 229 F.Supp. 714, and Hobson v. Hansen, DC.D.C., 1968, 44 F.R.D. 18.

It was against this background that the plaintiffs herein Larry Burns and Eva Lawson, together with the third plaintiff, Gene M. Payne, commenced this action in the Marion Circuit Court on May 8, 1969, to enjoin the defendants from making further transfers of teachers without the consent or approval of the teachers involved, and to rescind all mandatory transfers theretofore made pursuant to the order of this court, asserting as a basis for their action Chapter 186 of the Acts of the Indiana General Assembly, 1949, Burns Indiana Statutes, Volume 6, Part 2, Cumulative Supplement § 28–5161, the Fourteenth Amendment and the Constitution of Indiana. Plaintiffs assert a class action on behalf of all teachers employed by defendants.

The question presented on plaintiffs' petition to remand is as to whether their action was properly removed. I believe that removal was proper, and that this court has jurisdiction of the action, pursuant to 28 U.S.C. § 1443(2) [1], which specifically authorizes the removal of certain civil rights cases.

The extent to which such statute may be utilized for removal is the subject of extended discussion, and the history of the act is traced in Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, and Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944. These cases cite, among many others, New York v. Galamison, 2 Cir., 1965, 342 F.2d 255, 8 A.L.R.3d 263. Briefly stated, the holding of these cases is that § 1443(2) is much more limited than a plain reading of its rather simple language would indicate, and that the privilege of removal is conferred by the first phrase of the subsection only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights, and by the second phrase only

---

1. "§ 1443. Civil rights cases

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division em-

bracing the place wherein it is pending: * * *

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

upon state officers who refuse to enforce state laws discriminating on account of race or color. *Greenwood*, 384 U.S. 824 and footnote 22, 86 S.Ct. 1800.

■ Despite such limitations, however, it is apparent that this case falls within the limited class of cases which may properly be removed. The defendants are state officials and a state board, sought to be enjoined from carrying out an order of this federal court entered in a civil rights case, pursuant to a federal law, i. e., the Civil Rights Act of 1964.[2] In carrying out the order of this court, defendants may fairly be said to come within the first phrase of § 1443(2) as persons authorized (ordered) to act for a federal officer (this Court) in affirmatively executing duties under a federal law providing for equal civil rights. It is equally apparent that they would qualify under the second phrase, as state officers threatened with punishment for contempt if they disobey the order of a state court and refuse to undo their actual and contemplated transfer of teachers on the ground that to do so would be inconsistent with such federal law. See O'Keefe v. New York City Board of Elections, S.D.N.Y., 1965, 246 F.Supp. 978. The motion to remand is therefore denied.

This action having been properly removed, it follows that this court has jurisdiction to consider the motion of the defendants to dissolve the temporary restraining order heretofore issued by the Marion Circuit Court.

Plaintiffs' theory is based upon a completely perverse interpretation of the 1949 Indiana Law, Burns § 28–5161.[3] By enacting Chapter 186 of the Acts of 1949, the General Assembly of Indiana anticipated by five years the decision in

Brown v. Board of Education of Topeka, Shawnee County, Kansas, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, 38 A.L.R. 2d 1180. The title of such act reads "An act establishing a public policy in public education and abolishing and prohibiting separate schools organized on the basis of race, color or creed, and prohibiting racial or creed segregation, separation or discrimination in public schools, colleges and universities in the state of Indiana * * *." It is a matter of common knowledge, of which this court takes judicial notice, that the primary purpose of the act was to avoid and abolish discrimination against Negro students and teachers, existing in a few Indiana communities at that time.

Plaintiffs contend that to transfer teachers to achieve desegregation is a violation of the very Indiana law which prohibits discrimination based on race, in that defendants must necessarily consider the race of the teachers in determining whom to transfer. This particular exercise in legal sophistry has been advanced before, and found wanting. To the contrary, it has been held that in carrying out the mandate of the Supreme Court in *Brown*, the states have necessarily and constitutionally based their desegregation plans on racial classification. Offermann v. Nitkowski, 2 Cir., 1967, 378 F.2d 22; Wanner v. County School Board, 4 Cir., 1966, 357 F.2d 452; Springfield School Committee v. Barksdale, 1 Cir., 1965, 348 F.2d 261.

■ It is therefore apparent that the Indiana law relied upon could not entitle plaintiffs to relief. Even if plaintiffs' construction could, in a vacuum, be placed upon such act, it would still be unavailing. In such a case, the state law would be a nullity in the light of

---

2. As was said in *Galamison*: "As Congress enacts new laws relating to equal rights, the cross-reference in § 1443 takes them in; unquestionably the Civil Rights Act of 1964 is a law providing for equal rights within the removal statute."

3. "28–5161. Teachers—Discrimination prohibited.—No public school, college or university supported in whole or in part by public funds of the state of Indiana or any township, town, county or city or school city or any other school official or officials thereof, shall discriminate in any way in hiring, upgrading, tenure or placements of any teacher on the basis of race, creed or color."

*Brown,* pursuant to the supremacy clause [4] of the federal constitution.

■ Finally, there is no question but this court has jurisdiction over questions of faculty and staff desegregation. The Supreme Court as recently as this week has reiterated that the goal of such desegregation is "an important aspect of the basic task of achieving a public school system wholly free from racial discrimination." United States v. Montgomery County Board of Education; Carr v. Montgomery County Board of Education, 395 U.S. 225, 89 S.Ct. 1670, 23 L.Ed.2d 263, June 2, 1969. Cf. Bradley v. School Board of Richmond, 1965, 382 U.S. 103, 86 S.Ct. 224, 15 L.Ed.2d 187; Rogers v. Paul, 1965, 382 U.S. 198, 86 S.Ct. 358, 15 L.Ed.2d 265.

The temporary restraining order is dissolved.

4. Constitution of the United States, Article 6, Clause (2): "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."