**Patsy Dove BOHLANDER, Plaintiff-Appellee,**

v.

**INDEPENDENT SCHOOL DISTRICT NUMBER ONE OF TULSA COUNTY, OKLAHOMA, Defendant-Appellant.**

**No. 346-69.**

United States Court of Appeals
Tenth Circuit.

Dec. 23, 1969.

Thomas Dee Frasier, Tulsa, Okl., for plaintiff-appellee.

C. H. Rosenstein, Tulsa, Okl. (David L. Fist, Tulsa, Okl., with him on the brief), for defendant-appellant.

John A. Bleveans, Dept. of Justice, Washington, D. C. (Jerris Leonard, Asst. Atty. Gen., and Gary J. Greenberg, Dept. of Justice, Washington, D. C., with him on the brief), for the United States as amicus curiae.

Before PICKETT, HILL and SETH, Circuit Judges.

PER CURIAM.

The only issue presented by this appeal is the right of a school board in Tulsa, Oklahoma to remove a state court action brought by patrons of a school district to enjoin the board from implementing a portion of a plan to eliminate racial discrimination in its schools, which plan had been submitted to and approved by the United States District Court for the Northern District of Oklahoma in an action brought by the Attorney General of the United States under the provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000c–6.[1] After removal, the District Court, on its own motion and without a hearing, remanded the case to the state court. The removal was pursuant to 28 U.S.C. § 1443 and the remand order was appealable. 28 U.S.C. § 1447(d).

28 U.S.C. § 1443 is as follows:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; ·

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

In Greenwood v. Peacock, 384 U.S. 808 at page 824, 86 S.Ct. 1800 at page 1810, 16 L.Ed.2d 944, it was said that the second subsection of Section 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Here the Attorney General of the United States, as authorized by the Civil Rights Act of 1964, brought an action to compel the school board to desegregate its public schools and to provide equal civil rights to all those attending the schools involved. The board undertook to carry out the directions of the federal court in an order which was authorized by federal civil rights statutes, and was an act under color of authority derived from a law conferring specific rights of racial equality. In its activities the board was acting with and for federal officers in executing their duties under the Civil Rights Act of 1964.[2] Consequently, the state court action seeking to enjoin its

---

1. The allegations of the state court petition disclose that it is a direct attack upon the desegregation plan filed in the federal court action.

2. The history of the civil rights removal statute was considered in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), which dealt principally with removability under § 1443 (1). Section 1443(2) was treated in a companion case, Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed. 2d 944 (1966). See also Board of Ed.

of City of·New York v. City-Wide Com. for Integration, 342 F.2d 284 (2 Cir. 1965); People of State of New York v. Galamison, 342 F.2d 255, 8 A.L.R. 3d 263 (2 Cir. 1965), cert. denied, 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272; O'Keefe v. New York City Board of Elections, 246 F.Supp. 978 (S.D.N.Y. 1965); the court in Burns v. Board of School Com'rs of City of Indianapolis, Ind., 302 F.Supp. 309 (S.D.Ind.1969), considered a like case and held it to be removable under § 1443(2).

activities was removable under § 1443 (2).

The remand order is vacated and the case reinstated in the United States District Court for the Northern District of Oklahoma.