Larry BURNS, et al., etc., Plaintiffs-Appellants,

v.

The BOARD OF SCHOOL COMMISSIONERS OF the CITY OF INDIANAPOLIS, INDIANA, et al., Defendants-Appellees.

No. 18326.

United States Court of Appeals, Seventh Circuit.

Jan. 22, 1971.

Harold E. Hutson, Indianapolis, Ind., for plaintiffs-appellants.

G. R. Redding, E. C. Ulen, Jr., Stephen W. Terry, Jr., Norman P. Rowe, Indianapolis, Ind., for defendants-appellees; Baker & Daniels, Indianapolis, Ind., of counsel.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and KILEY, Circuit Judge.

PER CURIAM.

This appeal challenges the propriety of the removal to a federal district court of an injunction action filed in a state court which sought relief from the corrective assignment of public school teachers on the basis of their race and on the basis of the racial composition of faculties of the various public schools of Indianapolis. The plaintiffs are school teachers in the Indianapolis public school system who were denied permission to intervene in United States v. Board of School Commissioners of Indianapolis, Indiana, et al., No. IP 68–C–

225 (S.D.Ind.), a suit brought by the Department of Justice pursuant to section 407 of the Civil Rights Act of 1964, 42 U.S.C. § 2000c–6 and 28 U.S.C. § 1345.

Following the submission of a stipulation of the parties as to all material facts alleged in the complaint in that case, the federal district court entered its final judgment on August 5, 1968 based on a finding of invidious discrimination in teacher assignments, ordering the corrective teacher reassignments of which the plaintiffs here complain. Plaintiffs then instituted this action in the Circuit Court of Marion County, Indiana, seeking to enjoin involuntary teacher reassignments on the theory that such assignments violated section 28–5161, Burns' Indiana Statutes Annotated (Supp. 1967), which prohibits public school teacher placements on the basis of race, and the Fourteenth Amendment to the United States Constitution. Defendants thereafter—but not before the Marion County Circuit Court had entered its temporary restraining order prohibiting such transfers—removed the action to the federal district court since the assignments complained of were made pursuant to that court's order. The federal district court, after hearing, granted the defendant school board's motion for summary judgment and dissolved the state court's temporary restraining order.

■ We fully agree with the district court's opinion, Burns v. Board of School Commissioners, 302 F.Supp. 309 (S.D.Ind.1969), which granted judgment for the defendants and specifically upheld the validity of the removal of the action to that court. We therefore adopt and incorporate that opinion in its entirety. Moreover, the district court's opinion is consistent with the result reached by the Tenth Circuit on the issue of removal in a substantially identical case, Bohlander v. Independent School District, 420 F.2d 693 (10th Cir. 1969).

■ Plaintiffs also complain that they are being involuntarily reassigned pursuant to the actions of the district court without any opportunity to defend their interests. The district judge denied their petition for intervention in United States v. Board of School Commissioners, *supra*, and no appeal was taken from that denial. Plaintiffs' remedy to assure the protection of their interests, if any, with regard to corrective teacher reassignments was to appeal the denial of their petition to intervene. A denial of such a petition is clearly appealable in the event of an abuse of discretion in the case of requests for permissive intervention and in any event in the case of requests for intervention as of right. Mendenhall v. Allen, 346 F.2d 326, 327–28 (7th Cir. 1965). Having thus waived any error by their failure to appeal from that order, plaintiffs may not now collaterally attack either the denial of their petition to intervene or the final judgment rendered thereafter in United States v. Board of School Commissioners, *supra*.

The judgment of the district court is affirmed.