DETROIT POLICE LIEUTENANTS
AND SERGEANTS ASSOCIATION,
Plaintiff-Appellee,

v.

CITY OF DETROIT et al.,
Defendants-Appellants.

No. 77–1265.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 14, 1979.
Decided May 3, 1979.

---

Kermit G. Bailer, Corp. Counsel-City of Detroit, Detroit, Mich., James R. Andary, Hall & Andary, Detroit, Mich., for defendants-appellants.

Bernard A. Friedman, Lippitt, Harrison, Perlove, Friedman & Zack, K. Preston Oade, Jr., Southfield, Mich., for plaintiff-appellee.

Before CELEBREZZE and ENGEL, Circuit Judges and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

The plaintiff, an association of and the exclusive bargaining representative for certain police officers in the City of Detroit, originally brought this lawsuit in Wayne County Circuit Court seeking injunctive relief to restrain the defendants from implementing a promotional eligibility list, as constituted by Personnel Order 76–440, for the rank of lieutenant in the City of Detroit Police Department. The complaint alleged that the defendants, the City of Detroit and certain of its officers, agents and employees, acted contrary to the provisions of the City Charter and contrary to the current Collective Bargaining Agreement with the plaintiff by refusing to promote according to competitive examination scores and implementing strict racial criteria for promotions. The defendants filed a petition to have the case removed, pursuant to 28 U.S.C. §§ 1441 and 1443(2) (1976), to the United States District Court for the Eastern District of Michigan. The district court denied the Petition for Removal and remanded the case to the state circuit court. The remand order was stayed pending this appeal.

We conclude that, to the extent that removal is based upon Section 1441, the remand order of the district court is not reviewable on appeal. 28 U.S.C. § 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

See generally *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); 1A *Moore's Federal Practice*, ¶ 0.169[2.–1] (1974).

Our conclusion as to the Section 1441 basis for removal does not dispose of this appeal, however. The exception in Section

**568**

1447(d) expressly permits review of a remand order where the removal is based upon Section 1443. Nonetheless, we agree with the district court that removal here is not permitted by that Section.

Section 1443(2) provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The first clause, "for any act under color of authority derived from any law providing for equal rights . . ." has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties. *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). *See also* 1A *Moore's Federal Practice*, ¶ 0.165 (1974). Despite their arguments to the contrary, the defendants are not persons assisting federal officers and, therefore, removal is not proper under the first phrase of subsection (2).

The defendants also argue that the second phrase of subsection (2) provides a basis for removal. The Supreme Court has not decided a case involving this part of the statute. Nevertheless, in *City of Greenwood v. Peacock, supra,* the Court stated:

The second phrase of 28 U.S.C. § 1443(2), "for refusing to do any act on the ground that it would be inconsistent with such law," has no relevance to this case. It is clear that removal under that language is available only to state officers. The phrase was added by the House of Representatives as an amendment to the Senate bill during the debates on the Civil Rights Act of 1866. In reporting the House bill, Representative Wilson, the chairman of the House Judiciary Committee and the floor manager of

the bill, said, *"I will state that this amendment is intended to enable State officers, who shall refuse to enforce State laws discriminating in reference to [the rights created by § 1 of the bill] on account of race or color, to remove their cases to the United States courts when prosecuted for refusing to enforce those laws."* Cong.Globe, 39th Cong., 1st Sess., 1367.

384 U.S. at 824 n. 22, 86 S.Ct. at 1810 (emphasis added).

We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues. Such is not the case here. While the individual defendants are arguably state officers, no one has attempted, or even threatened, to punish them for refusing to do any act inconsistent with any law providing equal rights. Rather, it is the plaintiff here who claims that the rights of its members are being violated by the actions of the defendants. The second phrase of subsection (2) is thus not available to the defendants and removal is improper thereunder.

Accordingly, the decision of the district court is affirmed.