MASSACHUSETTS COUNCIL OF
CONSTRUCTION EMPLOYERS,
INC., et al., Plaintiffs,

v.

Kevin H. WHITE, Mayor, et
al., Defendants.

Civ. A. No. 80–669–T.

United States District Court,
D. Massachusetts.

Aug. 11, 1980.

Paul V. Mulkern, Paul J. Kingston, Kingston & Garrett, Boston, Mass., for plaintiffs.

Harold J. Carroll, Chief Gen. Counsel, B.R.A., Boston, Mass., for B.R.A.

Kurt M. Pressman, Cambridge, Mass., for Boston Jobs Coalition.

Joseph D. Alviani, Corp. Counsel, William J. Smith, First Asst. Corp. Counsel, John R. Devereaux, Asst. Corp. Counsel, Law Dept., Gerard J. Clark, Boston, Mass., for White and City of Boston.

E. Michael Sloman, Carl Valvo, Asst. Attys. Gen., Government Bureau, Boston, Mass., for Mass. Dept. of Labor and Industries.

OPINION

TAURO, District Judge.

Plaintiffs brought this action in the Massachusetts Supreme Judicial Court to challenge the constitutionality of Mass.Gen. Laws ch. 149, sec. 26, as well as two executive orders of the defendant Kevin White,

Mayor of Boston. The statute grants preferences to residents of Boston seeking employment in the construction of public works. Similarly, the Mayor's Executive Order of September 11, 1979 establishes goals for the hiring of residents, minorities and women in municipally funded construction projects. Finally, the Executive Order Encouraging Minority Business Enterprise of June 28, 1978 requires that the city obtain a certain percentage of its construction, goods and services from minority business enterprises.

The Mayor, the City of Boston, and the Economic Development and Industrial Corporation (City Defendants) removed the action to this court pursuant to 28 U.S.C. § 1443.[1] The plaintiffs and the Department of Labor and Industries of the Commonwealth of Massachusetts (State Defendant) have moved to remand the case to state court, challenging the propriety of the removal.

The City Defendants argue that this case is removable under 28 U.S.C. § 1443(2), which allows a defendant to remove any civil action brought

> For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

According to the City Defendants, the Mayor's executive orders were promulgated to implement affirmative action goals for federally assisted construction contracts.[2] It follows, they argue, that the Mayor was acting "under the color of authority" of federal equal rights laws.

Assuming, without deciding, that the state statute and the Mayor's executive

orders were issued in response to federal affirmative action requirements, this court holds that they do not fall within the "color of authority" language of the removal statute. In *Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the Supreme Court held that the "color of authority" clause of 28 U.S.C. § 1443(2) is available only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Courts have since held that school boards acting pursuant to specific desegregation directives of federal court orders are acting under "color of authority" under the *Greenwood* decision. *See Bohlander v. Independent School District*, 420 F.2d 693 (10th Cir. 1969); *Buffalo Teachers Federation v. Board of Education*, 477 F.Supp. 691 (W.D.N.Y.1979); *Burns v. Board of School Commissioners*, 302 F.Supp. 309 (S.D.Ind. 1969), *aff'd*, 437 F.2d 1143 (7th Cir. 1971). But courts have been unwilling to extend federal removal jurisdiction to cases where state officials merely endeavor to comply with federal constitutional or statutory law of general applicability, or with generally phrased court orders. *See Folts v. City of Richmond*, 480 F.Supp. 621 (E.D.Va.1979); *Dodd v. Rue*, 478 F.Supp. 975 (S.D.Ohio 1979); *Tucker v. Cleveland Board of Education*, 465 F.Supp. 687 (N.D.Ohio 1979); *Armeno v. Bridgeport Civil Service Commission*, 446 F.Supp. 553 (D.Conn.1978). Here, the federal affirmative action guidelines that the City Defendants rely on were not issued solely to remedy discriminatory hiring practices by construction contractors in Boston. Rather, they were promulgated as part of a broad program to establish minimum goals for the utilization of female and

---

1. The City Defendants' Petition for Removal also cited 28 U.S.C. § 1441, but in their briefs and argument to this court they have chosen to rely on section 1443. The failure of the City Defendants to obtain the State Defendant's consent to removal would apparently be fatal to an attempt to remove under section 1441. *See* 1A *Moore's Federal Practice* ¶ 0.168[3.–2] (2d ed. 1979).

2. Those affirmative action goals, issued by the Office of Federal Contract Compliance Programs, are set forth at 43 Fed.Reg. 14899 (1978), *as corrected by* 43 Fed.Reg. 19473 (1978) *and* 44 Fed.Reg. 17116 (1979).

minority construction employees nationwide. Compliance with the federal guidelines does not, therefore, create the federal agency relationship contemplated by *Greenwood* and the *Bohlander* line of cases.

At hearing, the City Defendants offered one additional argument to support removal. They argued that, by issuing the executive orders, the Mayor was refusing to abide by the status quo which he viewed as inconsistent with federal equal rights law. Thus, they contended, this case may be removed pursuant to the "refusal" clause of section 1443(2). That clause allows removal in an action against a state official "for refusing to do any act on the ground that it would be inconsistent with" any law providing for equal rights. The City Defendants did not invoke the "refusal" clause in their initial memorandum, nor did they file any supplemental memorandum after being given leave to do so. At any rate, the "refusal" clause is unavailable in this case, where the defendants' actions, rather than their inaction, are being challenged. *See Detroit Police Lieutenants and Sergeants Association v. City of Detroit*, 597 F.2d 566 (6th Cir. 1979).[3]

The removal of this case having been improper, this court has no jurisdiction over the matter, and the case must be remanded to state court.

---

**3.** Since there is no basis for removal of this case under section 1443, this court need not decide whether section 1443 requires all defendants to join unanimously in the petition for removal, nor the abstention issue raised by the State Defendant.