811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL LAND BANK, ST. PAUL, Plaintiff-Appellee,
v.
Jack & Ruth SHRIVER, Defendants-Appellants Third Party Plaintiffs,
Farm Credit Administration; FCA, Governor, Donald
Wilkinson, or person who presently holds position; Federal
Land Bank Association of Grand Rapids; FLBA Presidents &
Agents; Newaygo County Sheriff's Department; past &
present Sherriff; Len Somers, Ron Vos; Ben Bradford,
Newaygo County Sheriff Deputy, Third Party Defendants.
 No. 86-1689.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 The Appellee, the Federal Land Bank of St. Paul, moves the Court to dismiss the appellants' appeal. The appellants have responded and are in favor of dismissal.
 
 
 2
 The appellee commenced summary eviction proceedings against the appellants in Michigan state court in February, 1986. The appellants removed the action to the federal district court for the Western District of Michigan pursuant to 28 U.S.C. Sec. 1441 alleging that federal jurisdiction was based on diversity of citizenship (28 U.S.C. Sec. 1332), federal question jurisdiction (28 U.S.C. Sec. 1331) and commerce regulation jurisdiction (28 U.S.C. Sec. 1337). The appellants filed an amendment to removal which stated that "certain [unspecified] rights providing for equal rights within civil rights cases" had been violated so that removal was also proper under 28 U.S.C. Sec. 1443.
 
 
 3
 The appellee moved to remand the case to the state court on the grounds that there was no diversity of citizenship, no federal question jurisdiction and no jurisdiction under the civil rights act. Judge Enslen referred the motion to United States Magistrate Doyle A. Rowland for hearing and determination. Following a full hearing, the magistrate remanded the case to the state court. Appellants appealed to this Court.
 
 
 4
 Upon consideration, we conclude that the motion to dismiss must be granted. First, the appeal is improperly taken from the magistrate's order. Unless the parties consent to the exercise of plenary jurisdiction by the magistrate pursuant to 28 U.S.C. Sec. 636(c)(3), the Court of Appeals lacks jurisdiction to review the magistrate's decision. See Ambrose v. Welch, 729 F.2d 1084 (6th Cir.1984). Second, an order which remands a case to the state court from which it was removed is not reviewable on appeal or otherwise, except for civil rights cases. 28 U.S.C. Sec. 1447; Volvo of America Corp. v. Schwarzer, 429 U.S. 1331 (1976) (Rehnquist, J.); Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit, 597 F.2d 566 (6th Cir.1979). There is no colorable claim of a civil rights violation here. Therefore, this Court lacks jurisdiction to review the remand order.
 
 
 5
 It is, therefore, ORDERED that the motion to dismiss is granted.