Thomas John **GRENCHIK** et al.

v.

The Honorable Marvin **MANDEL**, Governor of the State of Maryland, et al.

Civ. No. 73–386–K.

United States District Court,
D. Maryland.

May 23, 1973.

Samuel H. Depew, Glen Burnie, Md., and Douglas J. Rykhus, Washington, D. C., for plaintiffs.

Paul M. Nussbaum, Mt. Rainier, Md., for defendants Bd. of Ed. of Prince George's County, Maryland, and others.

Henry R. Lord, Deputy Atty. Gen. of Md., and Malcolm R. Kitt and E. Stephen Derby, Asst. Attys. Gen. of Md., for defendants Governor Marvin Mandel, and others.

FRANK A. KAUFMAN, District Judge.

In this case, plaintiffs seemingly seek at least three types of relief against defendants who fall into two groups: (1) the members of the Board of Education of Prince George's County and certain officials of the Prince George's County school system ("Board defendants"), and (2) the Governor of Maryland and a number of state officials ("State defendants"). The three types of relief[1] sought are:

(a) Injunctive relief restraining in whole or in part certain aspects of the decree of this Court in Vaughns v. Board of Education of Prince George's County, 355 F.Supp. 1051 (D.Md.1972), which decree was affirmed by the Fourth Circuit, No. 73–1024, January 23, 1973. On January 26, 1973, Mr. Chief Justice Burger, joined by five other members of the Supreme Court, denied a petition to stay that said decree. An application for certiorari to the Supreme Court has been denied, 414 U.S. 999, 94 S.Ct. 352, 38 L.Ed.2d 235 (1973).

(b) Judgments for damages against all defendants for their actions taken in compliance with and in implementation of this Court's aforesaid decree in *Vaughns*.

(c) Damages against all defendants for their failure, prior to the entry by this Court of its aforesaid decree in *Vaughns*, to comply with the Constitution and laws of the United States.

While the complaint announces that it does not seek in any way "to interfere with or alter any outstanding Federal Court Order currently imposed on the Prince George's County School System", the complaint itself and the oral presentations by plaintiffs' counsel during three separate hearings in this Court reveal with clarity that, as contended by the Board defendants, the State defend-

---

1. Hereinafter referred to as "(a) type", "(b) type" or "(c) type" relief.

ants, and plaintiffs in *Vaughns,* all relief sought in this case except perhaps the (c) type goes straight to the heart of the effective implementation of the *Vaughns* decree.

This case was instituted on February 23, 1973 in the Circuit Court for Anne Arundel County. Thereafter, each of the Board defendants sought, and each of the State defendants consented to, removal of this case to this Court under the provisions of 28 U.S.C. §§ 1441 and 1443, but only four of the Board defendants and none of the State defendants either sought or consented to removal within 30 days after service upon each of them respectively of the complaint filed in the State Court by the plaintiffs, as set forth in 28 U.S.C. § 1446(b) with regard to removal under section 1441 or section 1443. While this Court has personal jurisdiction over each of the defendants herein and while subject matter jurisdiction is present, nevertheless, it may well be that this Court has no power to extend the 30-day period for seeking or consenting to removal under either section 1441 or section 1443, even under the circumstances of this case.[2]

Plaintiffs have filed a motion asking this Court to remand this case in its entirety to the State Court. In so doing, *inter alia,* plaintiffs have pointed to the late removal actions by all but four of the defendants. Plaintiffs would appear to be on sound ground insofar as section 1441 is concerned. In order for removal of a case to be consummated under section 1441, *all* defendants must timely seek or consent to removal.[3] However, the same may not necessarily be true with regard to 28 U.S.C. § 1443, the statute dealing with removal in certain instances involving civil rights. Pursuant to that latter section it may well be that any single defendant can remove an appropriate case from the State Court to the federal court, insofar as the case pertains to him, regardless of whether or not removal can survive in relation to those aspects of the case dealing with other defendants.[4] If so, the four Board

---

2. *See* 1A J. Moore's Federal Practice ¶ 0.168 [3–5] at pp. 1245–46:

> Removal proceedings are in the nature of process to bring the parties before the federal court; and mere modal or procedural defects are not jurisdictional. The limitation on the time for removal is not jurisdictional but is merely a formal and modal requirement which may be waived, or to which an objection may be precluded by estoppel.
>
> Under the prevailing view a stipulation of the parties or an order of the state court extending the time to answer, move or otherwise plead does not extend the time for removal. The time is not subject to enlargement by the federal district court under Rule 6(b). Nor does Rule 6(e) enlarge the time for removal. [Footnotes omitted.]

3. *See* 1A J. Moore's Federal Practice ¶ 0.168 [3–2], and cases cited at note 3 therein. *See also* Zeagler v. Hunt, 38 F.Supp. 68 (W.D.La.1941). Consent to removal is seemingly sufficient. *See* Transport Indemnity Co. v. Financial Trust Co., 339 F.Supp. 405, 409 (C.D.Cal.1972).

4. 28 U.S.C. § 1443(2) authorizes the removal, *inter alia,* of certain civil rights suits commenced in State Courts. The legislative history of section 1443 and the governing principles as to persons entitled to remove under section 1443(2) are extensively discussed in Greenwood v. Peacock, 384 U.S. 808, 814–824, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Federal officers and those authorized to act with or for them alone may remove under the first phrase thereof. *Greenwood, supra* at 824, 86 S.Ct. 1800. State officers may under some circumstances achieve removal under the second phrase of section 1443(2). In *Greenwood, supra* at 824 n. 2, 86 S.Ct. at 1810, Mr. Justice Stewart wrote:

> * * * The phrase was added by the House of Representatives as an amendment to the Senate bill during the debates on the Civil Rights Act of 1866. In reporting the House bill, Representative Wilson, the chairman of the House Judiciary Committee and the floor manager of the bill, said, "I will state that this amendment is intended to enable State officers, who shall refuse to enforce State laws discriminating in reference to [the rights created by § 1 of the bill] on account of race or color, to remove their cases to the United States courts when prosecuted for refusing to enforce those laws." Cong.Globe, 39th Cong., 1st Sess., 1367.

defendants who have sought removal within the 30-day period referred to above might be entitled to have this Court deny plaintiffs' motion to remand insofar as the case against them is concerned. Perhaps under those circumstances, this Court has the power to extend the 30-day period for removal under section 1443 with regard to the other defendants, without the consent of all parties herein including, of course, the plaintiffs.

Separate and apart from all of the complex removal issues presented herein are questions presented by the quest of all of the Board defendants for injunctive relief restraining plaintiffs from proceeding further in the State Court in this case. The State defendants, on the other hand, have taken the position that comity dictates that the appropriate forum for this case, at least initially, is not this Court but the State Court.[5]

Plaintiffs vigorously oppose any injunction and emphasize their desire to proceed in the State forum selected by them, insisting that none of the relief they seek in this case will interfere in any way with the implementation of this Court's decree in *Vaughns*. As indicated above, that latter contention is rejected by this Court. By way of contrast, the position taken by the State defendants presents a very close and delicate issue. Nevertheless, on balance, after lengthy hearings in which the views of all of the parties have been sought and expressed, this Court has determined that, at this time, all of the issues currently presented in this case are so inextricably bound to and entangled with the terms and provisions of the *Vaughns* decree that this Court is required to issue, at this time, an injunction restraining plaintiffs from proceeding any further in the State Court in this case.[6] While

---

In Burns v. Bd. of Sch. Comm'rs, 302 F.Supp. 309, 311–312 (S.D.Ind.1969), aff'd, per curiam, 437 F.2d 1143 (7th Cir. 1971), and in Bohlander v. Ind. Sch. Dist. No. 1, 420 F.2d 693, 694 (10th Cir. 1969), the Seventh and Tenth Circuit Courts of Appeals have held State officials entitled to remove under § 1443 (2) State Court suit seeking to enjoin them from carrying out federal district court desegregation orders. In *Burns*, the District Court concluded (at 312) that state officials who carry out a federal court's order "may fairly be said to come within the first phrase of § 1443(2) as persons authorized (ordered) to act for a federal officer (this Court) in affirmatively executing duties under a federal law providing for equal civil rights"; and also come within the second phrase of section 1443(2).

The legislative history regarding section 1443(2) is silent with regard to whether all defendants must seek or consent to removal. By way of contrast, the history of section 1441 indicates that Congress did intend to forbid removal under that section by less than all defendants. By Act of March 3, 1875, 18 Stat. 470, § 2, Congress greatly broadened earlier removal statutes. However, when the bill (H.R. 3511) was introduced, the first section authorized a single diverse defendant to remove in a diversity case regardless of whether other defendants were entitled to remove. This section of the bill was deleted after much debate. See Cong.Rec. pp. 4301–4304, 43rd Cong., 1st Sess. (1874). The removal provisions of the

1875 Act were narrowed by the Judiciary Act of 1887, 24 Stat. 552. That Act took away the right of plaintiffs to remove in diversity cases, but there is no indication that Congress intended in the 1887 Act to broaden the right of defendants to remove in diversity cases. See Cong.Rec. pp. 613–614, 2542, 49th Cong., 2d Sess. (1887). In Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247–248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), the Court stated that under those provisions of the 1875 Act that related to both federal question and diversity jurisdiction cases, removal could not be effected unless all parties on the same side of the controversy united. The Court further concluded that the 1887 Act, which removed the ability of plaintiffs to remove in certain diversity cases, still required that all defendants join in a petition for removal, at least in the absence of a showing that a claim against one defendant was a "separable controversy". The 1887 Act was amended in 1888, 25 Stat. 433, 434, and revised in 1911, 36 Stat. 1095, and again in 1948, 62 Stat. 937.

5. *See* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Lynch v. Snepp, 472 F.2d 769 (4th Cir. 1973).

6. *Cf.* Griffin v. Sch. Bd., 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964); Thomason v. Cooper, 254 F.2d 808 (8th Cir. 1958); Montgomery County Bd. of Educ. v. Shelton, 327 F.Supp. 811 (N.D.Miss.1971).

this Court agrees with the State defendants that there is no reason to believe that after all of the issues are presented fully to the State Court, that Court would take any action in derogation of the *Vaughns* decree, nevertheless it would seem clear that before that Court could reach that conclusion, it would be required to become acquainted with the lengthy record in *Vaughns* compiled during weeks of court proceedings in, and during months of pendency of, *Vaughns*. It would not appear in the interests of comity for this Court to delay granting the injunctive relief the Board defendants seek at this time when to do so would not only require the State Court to review and to consider all that has occurred in *Vaughns* to date, but would also probably result in this Court, in the event the State Court should take any action which this Court should determine to be inconsistent with its decree in *Vaughns,* issuing all or a major part of the injunctive relief the Board defendants currently seek.

Further, although it may be that at some future time the "(c)" type relief sought in this case by plaintiffs can be separated from the types of relief sought in connection with "(a)" and "(b)", there exists at this time considerable confusion in this case as to whether such separation is or is not possible.[7] Until it can be determined whether such

separation is practical, it is clear to this Court that any further proceedings in this case must and will affect the day-to-day implementation of this Court's decree in *Vaughns*. As the Board defendants have emphasized, they cannot be under the jurisdiction of two courts in connection with the daily operation of the Prince George's County school system. This Court notes well the teachings of the Fourth Circuit in Lynch v. Snepp, 472 F.2d 769 (4th Cir. 1973). But, in this case, in the opinion of this · Court, the pronouncements set forth in footnote 1 in the *Lynch* case fit like a glove.[8] For, plaintiffs' protestations to the contrary, their quest for the (a) and (b) types of relief challenge this Court's decree in *Vaughns*.

Because of the dearth of authority with regard to at least some of the difficult removal issues discussed above, and the presence in this case of the clear-cut alternate injunction route, this Court will not determine at this time those removal questions and instead will hold that question *sub curia* until further hearings have been held in this Court to establish whether one or more of the substantive issues in this case are separable from the implementation of the *Vaughns* decree, and whether under the circumstances of this case a federal court has power to extend the 30-day period for some of the defendants.

7. This Court does not decide at this time that none of plaintiffs' claims could be tried in the State Court without interfering with the implementation of the *Vaughns* decree. For example, plaintiffs contend that their claims against the Board and State defendants based upon acts or omissions to act prior to the *Vaughns* decree do not go to the heart of that decree. · The plaintiffs in *Vaughns,* and the Board and State defendants in this case, however, contend that all of plaintiffs' claims, based upon acts or failures to act both prior to and subsequent to the *Vaughns* decree, are so interrelated that it is impossible to sever the "pre-*Vaughns*" claims from the "post-*Vaughns*" claims. This Court concludes that, at this time, it is not possible to determine which claims, if any, plaintiffs could present in State Court without interfering with the implementation of the *Vaughns* decree and this Court's ju-

risdiction with regard thereto. Plaintiffs will have full opportunity in this Court to clarify which of plaintiffs' claims against the Board and/or the State defendants can be the subject of independent determination by the State Court without interfering with the *Vaughns* decree.

8. It should be noted that the state court injunction did not purport to interfere with the jurisdiction of the federal court in implementing a unitary school system in Charlotte and Mecklenburg County, *see* Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, [91 S.Ct. 1267, 28 L. Ed.2d 554] (1971). Thus the district court had no occasion to act, as it surely could, in aid of its jurisdiction, which is another exception contained in the anti-injunction statute.
Lynch v. Snepp, 472 F.2d *supra* at 771 n. 1.

Against that background and the present status of this case, this Court hereby issues the injunctive relief requested by the Board defendants. That injunction shall remain in force and effect until this Court, or a court having appellate jurisdiction over this Court, takes action to cause the dissolution or amendment of said injunction. Such injunction is and shall be preliminary in nature. In that connection, this Court notes that in *Vaughns*, the plaintiffs therein have filed motions under Federal Civil Rule 15(d) seeking to join as additional defendants therein the parties-plaintiff and the State defendants in this case.[9] This Court has granted those motions, but has scheduled a hearing on May 25, 1973 to give those persons named as additional parties the opportunity to move to dismiss the complaint against them in *Vaughns*, provided, however, that service is made upon each of them on or prior to May 24, 1973. In that connection, it is to be noted that the three hearings which have been held in this Court in this case have also been held on a consolidated basis in *Vaughns*. It is also to be noted that counsel for the plaintiffs in this case is also counsel, at this time, for the intervenors in *Vaughns*, and that there is a substantial association among those persons who constitute the plaintiffs in this case and the intervenors in *Vaughns*. It is further to be noted that plaintiffs in *Vaughns* are seeking in *Vaughns* to have this Court issue a preliminary injunction enjoining the future prosecution of the proceedings in this, *i. e.*, the *Grenchik*, case. In *Vaughns*, this Court as it has stated on the record, will afford to all of the parties and to the intervenors therein, as it has at all times to and including this date, the opportunity to present contentions to this Court with regard to implementation, effectuation, clarification and/or correction of the *Vaughns* decree.

This Court does not require the Board defendants to post security in this case in connection with their application for and this Court's grant of preliminary injunctive relief in view of the fact that counsel for plaintiffs has candidly stated on the record that a short delay in connection with the proceedings in this case will not cause any costs or damages to be incurred or suffered by the parties-plaintiff herein and in view of the fact that this Court's grant of injunctive relief in this case is for the purpose of aiding and preserving this Court's jurisdiction over the subject matter present both in this case and in *Vaughns*.[10]

For the reasons set forth hereinabove, this Court hereby enjoins the plaintiffs herein from taking, after the filing of this opinion, any further action of any nature whatsoever in the Circuit Court for Anne Arundel County, Maryland, in this case until one or more further Orders of this Court or of any appellate Court having jurisdiction over this Court have issued.

9. *See* Griffin v. Sch. Bd., 377 U.S. 218, 227, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964) ; Thomason v. Cooper, 254 F.2d 808, 810 (8th Cir. 1958) ; Montgomery County Bd. of Educ. v. Shelton, 327 F.Supp. 811, 813–814 (N.D.Miss.1971).

10. Rule 65(c) does not mandatorily provide that a Court require the posting of security in all cases before a preliminary injunction may issue. *See* Continental Oil Co. v. Frontier Refining Co., 338 F.2d 780, 781 (10th Cir. 1964) ; Ferguson v. Tabah, 288 F.2d 665, 675 (2d Cir. 1961) ; Magidson v. Duggan, 180 F.2d 473, 479 (8th Cir.), cert. denied, 339 U.S. 965, 70 S.Ct. 1000, 94 L.Ed. 1374 (1950) ; Bivins v. Bd. of Public Educ. & Orphanage for Bibb Co., 284 F.Supp. 888, 899 (M.D.Ga.1967) ; Tennessee Public Service Comm'n v. United States, 275 F.Supp. 87, 91 (W.D.Tenn.1967) ; 7 J. Moore's Federal Practice ¶ 65.09, pp. 65–92 (1972 ed.).