**Audrey TUCKER, Plaintiff,**

v.

**CLEVELAND BOARD OF EDUCATION et al., Defendants.**

**No. C 79–92.**

United States District Court, N. D. Ohio, E. D.

Feb. 22, 1979.

688

---

William L. Blake, Cleveland, Ohio, for plaintiff.

Robert D. Rosewater, Mary A. Lentz, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

On January 8, 1979, plaintiff filed this action for declaratory and injunctive relief in the Common Pleas Court of Cuyahoga County, Ohio, Case Number 79–993400. On January 16, 1979, defendants removed this case to this Court invoking 28 U.S.C., Sections 1441, 1443, and 1446.

Plaintiff, a taxpayer residing in the Cleveland School District, seeks a temporary and permanent injunction against the sale of land owned by defendants at public auction on January 9 and 10, 1979 on the grounds that the appraisal of the value of the real estate is inadequate and that the defendants have unlawfully included in its notice of public auction a clause reserving "the right to refuse to transfer title to any purchaser or nominee hereof if the intended use of the property will frustrate, impede, or conflict with the desegregation of the schools in the Cleveland City School District." Plaintiff complains that "unless the Court sets aside the proposed sale, . . . said parcels will sell for an inadequate price and/or be subject to continued restriction and control by the seller, for which Plaintiff and all others in her class have no adequate remedy at law."

Before considering any of the substantive or procedural questions in this case, the Court must examine the propriety of its jurisdiction on removal. Because the Court believes that removal is not justified in this case, the Court must act *sua sponte* to order the remand of this case to state court.

Plaintiff brings a taxpayer action against the local school board seeking to prevent the sale of property at an allegedly inadequate price. The grounds for the claim are an allegedly inadequate appraisal of the land and inclusion of an allegedly unlawful restrictive clause in the notice of sale. It is apparent on the face of the claim that it involves solely questions of state law. Defendants may raise a defense based on federal law, but it is well-established that the existence of a federal law defense does not create federal question jurisdiction. *Louisville & Nashville R. R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Therefore, defendants cannot predicate removal on 28 U.S.C. 1441.

Removal is also not proper under 28 U.S.C. 1443(1) or (2). Since defendants do not demonstrate that "a right under any

law providing for the equal civil rights of citizens of the United States" would be "denied" or cannot be "enforce[d]" in state court, defendants fail to meet the standards of 28 U.S.C. 1443(1).

Defendants can remove this action under 28 U.S.C. 1443(2) only if plaintiff contests an "act [done by defendants] under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The Supreme Court has ruled, after an extensive examination of the legislative history of the removal statutes, that the privilege of removal under 28 U.S.C. 1443(2) extends only to "federal officers and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824, 86 S.Ct. 1800, 1810, 16 L.Ed.2d 944 (1966). In *Greenwood*, the Supreme Court held that individual citizens, who claimed the protection of the Constitution in acts which subjected them to state criminal prosecutions, were not entitled to removal under 28 U.S.C. 1443(2). The Court limited the scope of this removal statute to official enforcement activity under federal civil rights laws.

Several courts have held that defendant school boards could invoke 28 U.S.C. 1443(2) where plaintiffs sought to prevent by suit in state court the implementation of a school desegregation plan ordered by a federal court. *Bohlander v. Independent School District No. 1, Tulsa County*, 420 F.2d 693 (10th Cir. 1969); *Unified Teachers v. Governing Board of Los Angeles City Unified School District*, Case No. CV–76–1762–RF (C.D.Cal. June 18, 1976) (unpublished opinion); *Grenchik v. Mandel*, 373 F.Supp. 1298 (D.Md.1973); *Linker v. Unified School District No. 259, Wichita, Kansas*, 344 F.Supp. 1187 (D.Kan.1972); *Burns*

*v. Board of School Commissioners*, 302 F.Supp. 309 (S.D.Ind.1969), *aff'd* 437 F.2d 1143 (7th Cir. 1971). In each case, the plaintiff sought to enjoin the defendants from implementing a direct federal court order. Therefore, the defendants were held to be acting with or for federal officers in executing their duties under federal law.

The case at bar is akin to *Greenwood v. Peacock, supra*, and must be distinguished from the above school cases. Though defendants are subject to the orders of this Court issued in *Reed v. Rhodes*, this Court did not order defendants to sell the real estate in question. Nor did this Court direct the defendants to obtain the appraisals at issue or to include the challenged restrictive covenant.[1] Defendants undertook these actions of their own volition, albeit as a response to this Court's orders in *Reed v. Rhodes*. Defendants, like the defendants in *Greenwood v. Peacock*, are doing only what they believe must be done to abide by their constitutional obligations. The fact that this Court enjoined defendants from further acts of racial discrimination or racial segregation, *Reeds v. Rhodes*, 422 F.Supp. 708 (N.D.Ohio 1976), does not allow defendants to use 28 U.S.C. 1443(2). *Armeno v. Bridgeport Civil Service Comm'n*, 446 F.Supp. 553 (D.Conn.1978). The Court has also not issued any order which "effectively impelled" defendants to act as they did.[2] *Id.* at 557. Therefore, the defendants cannot be said to have been authorized to act with or for federal officers in affirmatively executing orders of this Court pursuant to federal civil rights laws.

Not all actions by a school board under court order to desegregate are subject to the protection offered by the removal statutes. Since federal court desegregation orders must necessarily be pervasive in scope, most actions of the school board will affect or impact on the desegregation order in some way. A lax standard for removal

---

1. On February 6, 1979, this Court ordered the Cleveland City Board of Education to report to the Court on the Board's intended use of the funds from the land sales. This order, which issued after the fact of the land sales, can be construed in no manner that would allow defendants to use the removal statute.

2. This is also not a case in which the issues at bar are so intertwined with the desegregation orders of this Court that they cannot be held now to be separate without further hearings. *See Grenchik v. Mandel, supra*.

would permit a federal court to oust the state courts of jurisdiction in most suits brought against a school board during the pendency of a desegregation order. The Supreme Court asked in *Greenwood v. Peacock, supra,* 384 U.S., at 834, 86 S.Ct., at 1816: "Will the increased responsibility of the state courts in the area of federal civil rights be promoted and encouraged by denying those courts any power at all to exercise that responsibility?" The plain answer is no. The federal court must take care to intrude on the jurisdiction of the state courts only when necessary. The removal statutes provide the guidelines for the proper division of jurisdiction between federal and state courts, and must be strictly followed. Removal is justified under 28 U.S.C. 1443(2) only when the school board acts under direct order of the federal court or when a court order effectively impels the school board to act virtually in one way.

IT IS THEREFORE ORDERED THAT this case be, and hereby is, remanded to the Common Pleas Court of Cuyahoga County, Ohio.

IT IS FURTHER ORDERED THAT plaintiff's motion to increase bond be, and hereby is, denied.