Michael J. VOINOVICH, et al., Plaintiffs,

v.

CLEVELAND BOARD OF EDUCATION, et al., Defendants.

No. C82–1152.

United States District Court,
N. D. Ohio, E. D.

May 20, 1982.

Michael R. Gallagher, Robert H. Eddy, Gallagher, Sharp, Fulton & Norman, Cleveland, Ohio, for plaintiffs.

George I. Meisel, James P. Murphy, William H. Baughman, Jr., Squire, Sanders & Dempsey, Cleveland, Ohio, James Wyman, Bratenahl, Ohio, for defendants.

ORDER

BATTISTI, Chief Judge.

On April 23, 1982, plaintiffs, administrators and supervisors employed by the Cleveland Board of Education (Board), filed a class action in the Common Pleas Court of Cuyahoga County seeking declaratory and injunctive relief. Plaintiffs claim that the Board's action in not renewing the plaintiffs' employment contracts violated state law and breached plaintiffs' contracts. After the Board filed a petition for removal

pursuant to 28 U.S.C. § 1443(2) (1976), plaintiffs moved to remand the case claiming that this Court lacks jurisdiction in this matter because only state law issues are present. In the alternative, plaintiffs have moved for an expedited hearing of this matter. For the reasons set forth below, the Court denies plaintiffs' motions for remand to the state court and for an expedited hearing.

On March 25, 1982, the Board adopted Resolution No. 132–82 to nonrenew the employment contracts of approximately 139 administrators and supervisors employed by the Cleveland school system. Complaint, *Voinovich v. Cleveland Bd. of Ed.*, No. 42247 (C.P. Cuyahoga County, filed April 23, 1982) (Exhibit F). Plaintiffs claim that the Board's action constitutes a breach of the plaintiffs' contracts, and that the nonrenewals are null and void because the Board failed to follow proper procedures, under Ohio Rev.Code Ann. § 3319.02 (Page) (O.R.C.) and Board Resolution No. 508–81, before taking action to nonrenew their contracts. *Id.* at 4. As a result, plaintiffs assert that their present employment contracts have been renewed for one year by operation of law under O.R.C. § 3319.02. They also claim that they will suffer irreparable harm because the relief they seek, renewed one year contracts at their present positions, is incompatible with anticipated Board actions to advertise and fill new administrative and supervisory positions.

The Board's action in this matter is not independent of the litigation in the current school desegregation case, *Reed v. Rhodes.* On June 1, 1981, the Office on School Monitoring and Community Relations (OSMCR) filed an organizational study which identified organizational deficiencies in the school system. After a series of meetings, the parties in *Reed v. Rhodes* filed a Joint Report which expressed their commitment to reorganization. *See* Joint Report, *Reed v. Rhodes*, No. C73–1300 (N.D. Ohio, filed Sept. 14, 1981). As a result of this consensus the Court ordered the school system to reorganize by implementing a unitary and decentralized administrative structure and other system reforms. *See Orders, Reed v. Rhodes*, No. C73–1300 (N.D. Ohio Dec. 1, 1981, and March 31, 1982). In its resolution to nonrenew the administrators and supervisors, the Board states that it based its decision upon the parties' agreements to reorganize the administrative structure of the school system. Complaint, *supra*, Exhibit F. It petitioned for removal of the present action to this Court, pursuant to 28 U.S.C. § 1443(2) (1976),[1] claiming that the actions plaintiffs challenge were undertaken to execute orders of this Court which derive from the civil rights laws. Petition for Removal, *Voinovich v. Cleveland Bd. of Ed.*, No. C82–1152 (N.D. Ohio, filed April 28, 1982).

The first clause of § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824, 86 S.Ct. 1800, 1810, 16 L.Ed.2d 944 (1966). Interpreting "federal officers" to include the federal courts, courts have found that defendant school boards may use this subsection to remove from state courts suits which interfere with the implementation of court ordered school desegregation plans. *See Tucker v. Cleveland Bd. of Ed.*, 465 F.Supp. 687, 689 (N.D. Ohio 1979) (Battisti, C. J.) (citing other authority); *Buffalo Teachers Fed. v. Bd. of Ed.*, 447 F.Supp. 691 (W.D.N.Y.1979). "The second or 'refusal to act' clause of this subsection provides a right of removal only to state officers or to a public employer when they have declined to follow

---

1. 28 U.S.C. § 1443(2) provides:

   Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

   \* \* \* \* \* \*

   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

state law requirements which are inconsistent with the obligations imposed upon them by a federal law protecting equal rights." *Id.* at 693.

The present action was properly removed pursuant to 28 U.S.C. § 1443(2) (1976), because the action by the defendants that the plaintiffs contest was taken under color of authority derived from or for federal officers in affirmatively executing orders of this Court pursuant to the civil rights laws. The Court has directly ordered the Board to reorganize the school system into a unitary and decentralized administrative structure. While the Court has not yet approved a new structure, the State defendants in *Reed v. Rhodes* filed, on May 3, 1982, plans and schedules for implementing an administrative structure substantially different from that presently in place. Administrative positions in the proposed new structure are different in number and kind from their current counterparts. This reorganization process has a long history, and is now at a critical phase. The Board claims that sending notices of nonrenewal to all supervisors and administrators whose contracts end on August 27, 1982, was necessary for an effective and timely implementation of this Court's orders in *Reed v. Rhodes*. In light of this reorganization process ordered by the Court in *Reed v. Rhodes*, removal of the present action to federal court is proper under 28 U.S.C. § 1443(2) (1976).[2] Therefore, plaintiffs' motion to remand is denied.[3]

In the alternative, plaintiffs have moved for an expedited hearing to prevent irreparable harm which would allegedly occur if the plaintiffs' contracts are not renewed and the Board offers new contracts for new administrative positions. Because the Court finds no danger of irreparable harm, plaintiffs' motion for an expedited hearing is denied. It appears to the Court, at this time, that plaintiffs would have an adequate remedy at law if they ultimately succeeded in this litigation. Plaintiffs claim no violations of constitutional rights; rather, they seek damages for breach of contract and for violations of state statutes. At this stage in the proceedings, lost salaries would seem to provide adequate relief for any aggrieved plaintiff. Thus, plaintiffs' alleged injuries do not rise to the level of irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 90–92, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974).

Accordingly, the Court denies both plaintiffs' motion to remand, and their motion for an expedited hearing.

IT IS SO ORDERED.

---

2. Because removal is proper under the first clause of this subsection, the Court does not make a finding as to the propriety of removal under the "refusal to act" clause of § 1443(2).

3. A similar issue arose in *Tucker v. Cleveland Bd. of Ed.*, 465 F.Supp. 687 (N.D. Ohio 1979) (Battisti, C. J.). Plaintiff brought a taxpayer action in state court against the local School Board to prevent the sale of property at an allegedly inadequate price which resulted from an allegedly inadequate appraisal and an allegedly unlawful restrictive clause in the notice of sale. After removal by the Board, the Court remanded the case *sua sponte*, because the actions of the Board that the plaintiff challenged were not directly ordered by the Court.

Although the Court enjoined the Board from acts of racial discrimination or racial segregation, no order of the Court "effectively impelled" the Board to take the challenged actions. *Id.* at 689. The Court found that the pervasive scope of the desegregation orders could not be used to provide for removal of suits challenging actions by the Board which were volitional, and which were not taken in response to a direct federal court order. The absence of any direct Court order to act in *Tucker* distinguishes that case from the one at bar, in which an order to reorganize the administrative structure of the school system justifies removal.