360 F.2d 325
 9 Fair Empl.Prac.Cas. 1063, 1 Empl. Prac.
Dec. P 9734
Mary A. FRANKLIN, Lawrence H. Leftwich, Mary F. Montgomery,
Sylvia J. Harvey, Hugh D. Woodlife, Sylvia D.
Austin, Alma G. Spivey and Virginia
Teachers Association,
Incorporated, Appellants,
v.
COUNTY SCHOOL BOARD OF GILES COUNTY and P.E. Ahalt, Division
Superintendent of Schools of Giles County, Appellees.
 No. 10214.
 United States Court of Appeals Fourth Circuit.
 Argued March 7, 1966.
Decided April 6, 1966.
 
 S. W. Tucker, Richmond, Va. (Henry L. Marsh, III, Richmond, Va., on brief), for appellants.
 John H. Thornton, Jr., Roanoke, Va. (Thomas T. Lawson, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., and Martin & Powell, on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges.
 
 J. SPENCER BELL, Cricuit Judge:
 
 1
 The plaintiffs, seven Negro teachers, and their Teachers' Association, appeal from a judgment of the district court holding that the teachers had been improperly discharged in violation of their Fourteenth Amendment right not to be discriminated against on account of their race. The appeal raises this question: What is the proper relief under the circumstances?
 
 
 2
 Prior to the 1963-1964 school year, all of the Negro children of Giles County, Virginia, attended two segregated schools, the faculties of which consisted of the seven individual Negro plaintiffs. In the spring of 1964, twenty-three of the children made applications to attend the all-white high school. As a result of this, the School Board decided to abandon the two Negro schools and integrate the system so far as the pupils were concerned. It directed the Division Superintendent to notify the Negro teachers that their services would not be needed after the close of that school year.[1] During the spring and summer of 1964, the defendants employed eight new teachers in the county school system, all of whom were white.
 
 
 3
 The district court found that in a prior program of consolidation of the white schools of the county, the Board, in each instance in which it had abandoned a school, had retained its teachers in the county system. The court said:
 
 
 4
 'The earlier abandonments indicate to me that the Superintendent had followed a policy of using teachers from the abandoned schools in other schools in the system because he viewed the system as basically homogeneous, by which I mean that in normal circumstances he would transfer teachers between various schools to suit the needs of the system rather than considering the teachers in the abandoned schools as unemployed * * *.'
 
 
 5
 The defendants contended that at the time the plaintiffs were discharged, the superintendent compared their qualifications with those of all the other 179 teachers in the system and reached the conclusion that of the 186, these seven were the least suitable for re-employment. The court, however, reached the conclusion that the superintendent had considered the qualifications of the plaintiffs only as applied to the anticipated vacancies[2] and that in view of the Board's past practices, this test was too restricted and was, therefore, arbitrary and discriminatory with respect to the plaintiffs. We do not think the evidence supports the court's finding that a comparative evaluation of any sort was made. The court's factual findings buttress this conclusion. The court said: 'It does appear that several of the individual plaintiffs were better qualified considering only their certifications and experience than some of the people who were subsequently hired.' And again the court said:
 
 
 6
 'In this factual posture there is nothing to be gained by the court's speculating upon the subjective qualifications of the individuals involved, except to note again that the finality with which the individual plaintiffs' employment was terminated, in the light of the Superintendent's obvious knowledge that new teachers would have to be hired, reflects badly upon the basis for that decision.'We think the record supports only the conclusion that the plaintiffs were discharged because of their race. The defendants have conceded that the Fourteenth Amendment forbids discrimination on account of race by a public school system with respect to the employment of teachers. Bradley v. School Board, 345 F.2d 310, 316 (4 Cir. 1965), reversed on other grounds, 382 U.S. 103, 86 S.Ct. 224, 15 L.Ed.2d 187 (1965).
 
 
 7
 Under the circumstances, the plaintiffs are entitled to a mandatory injunction requiring their reinstatement. See: State ex rel. Anderson v. Brand, 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685 (1938); Wieman v. Updegraff,344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); Todd v. Joint Apprenticeship Committee of the Steel Workers of Chicago, 223 F.Supp. 12 (N.D.Ill.1963). We think the provisions of the 1964 Civil Rights Act (42 U.S.C. 2000e-5(g)) where the courts are granted authority to order reinstatement of discriminatees further supports our conclusion.
 
 
 8
 The district court ordered the Board to notify the discharged teachers of any vacancy for which they were qualified and to offer them the opportunity to apply for the job in competition with others who might seek employment. But as the district court found that they had been discriminatorily discharged, we think its order did not go far enough. We think the individual plaintiffs are entitled to re-employment in any vacancy which occurs for which they are qualified by certificate or experience.[3]
 
 
 9
 We do not reach the question of compensatory damages becuase the plaintiffs have not reqested them, and because the plaintiffs have been continuously employed in other systems since their unlawful discharge. And for this reason also in balancing the equities between the parties, we do not disturb the district court's order which does not require that the Board displace teachers already in the system.
 
 
 10
 It is conceded that the normal annual faculty turnover within the county system will create enough vacancies to 'place' all of the plaintiffs who will want re-employment in Giles County. The record also indicates that the Board's practice in assigning teachers according to their specialties and certifications is sufficinetly flexible to enable the superintendent to adjust his existing faculty to the requirements of this mandate.
 
 
 11
 The case is remanded in order that the district court may amend its order to conform with this opinion.
 
 
 12
 Reversed and remanded.
 
 
 
 [1]
 Under date of May 15, 1964, the Division Superintendent sent the following letter to each of the individual plaintiffs:
 'The Giles County School Board on May 5, 1964, by an unanimous vote, took action to close both the Bluff City Elementary School and the Bluff City High School at the close of the 1963-64 school session. In a special School Board meeting on May 14, 1964, children presently attending these schools were placed by the School Board for the 1964-65 session.
 'These two actions make it necessary to abolish your job. Please accept this letter as your notification that your services will not be needed after the close of this school session. I shall be glad to discuss this problem with you should you care for a conference.
 'May I take this opportunity to thank you for the years of service rendered the School Board of Giles County and the children of your race.'
 
 
 [2]
 For example, if a history teacher were needed, the plaintiffs were considered only if they were certified to teach or had experience in teaching history; but the record indicates that in the past many teachers were assigned to teach subjects in which they were not certified or experienced, particularly if related to their specialty or if they were experienced teachers. In this way the faculty was shifted about to make room for teachers whose schools had been closed by consolidation
 
 
 [3]
 If, or course, the Board can objectively demonstrate to the court that two of the seven teachers, about whom some question was raised, would not have been re-employed under any circumstances, then the court should not require that they be considered