Harold A. BRADFORD, Appellant,

v.

SCHOOL DISTRICT NO. 20, CHARLESTON, SOUTH CAROLINA, a body corporate, and Lawrence O'Hear Stoney, Chairman of School District No. 20, Charleston, South Carolina, and Thomas A. Carrere, Superintendent, O. Johnson Smalls, Dr. John C. Hawk, A. Leonard Mackey, Herbert A. Stender, Jr., and Mrs. John Bettis, Members, Board of Trustees of School District No. 20, Charleston, South Carolina, Appellees.

No. 10280.

United States Court of Appeals
Fourth Circuit.

Argued April 7, 1966.

Decided June 6, 1966.

Russell Brown, Charleston, S. C. (Benjamin L. Cook, Jr., Charleston, S. C., Matthew J. Perry and Lincoln C. Jenkins, Columbia, S. C., on brief), for appellant.

Charles H. Gibbs, Charleston, S. C. (Sinkler, Gibbs & Simons, Charleston, S. C., on brief), for appellees.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and BARKSDALE, District Judge.

J. SPENCER BELL, Circuit Judge:

The plaintiff appeals from an order of the district court dismissing with prejudice his complaint which sought equitable relief. He alleges that he was a teacher at the Burke High School at Charleston, South Carolina. That on December 24, 1964, he went to a "white" barber shop where he attempted to get a haircut. That the owner declined him service because of his race and called a policeman who removed him from the premises and thereafter arrested and charged him with being drunk and disorderly and assaulting a policeman. That on December 30th the plaintiff was tried and convicted of these offenses in the Charleston Municipal Court. He further alleges that on December 31st, the defendant District School Superintendent by letter notified the plaintiff of his dismissal as a teacher effective immediately without notice or hearing. The plaintiff further alleges that he is informed and believes that his dismissal [1] was by reason of his "alleged misconduct on December 24th" and that said action was taken without any valid regulation and was merely done to punish him for seeking service and lawfully protesting the denial thereof on account of race. He sought a restraining order and temporary and permanent injunctions. The plaintiff bottoms his action upon sections 1981 and 1983 of Title 42 U.S.C.A. He makes no contention that the defendant school Trustees or the school authorities in any way conspired or colluded with other persons to bring about his arrest and conviction.

In essence, the plaintiff had alleged, first, that the defendants' conduct in exercising their discretion to dismiss him on December 31st violated his due process rights because done without any notice or opportunity to be heard, and second, that the defendants violated his right to equal protection by dismissing him under color of state law ostensibly for having been convicted of public drunkenness and assaulting an officer, but in actuality for having sought service in the barber shop and for having

---

1. Exhibit A to the complaint set forth the letter:

"SCHOOL DISTRICT NO. 20
OF CHARLESTON COUNTY, S. C.
67 LEGARE STREET
CHARLESTON, S. C.
THOMAS A. CARRERE, Superintendent
December 31, 1964
Mr. Harold A. Bradford
65 Numan Street
Charleston, South Carolina
Dear Mr. Bradford:
This is to advise you that, effectively immediately, you are suspended from your position as a teacher of this school district until further notice. Your period of suspension will be without pay.
Sincerely,
s/ THOMAS A. CARRERE
Thomas A. Carrere
Superintendent
TAC/tc
CC: Mr. W. J. Fraser
Mr. W. R. Meriwether"
It is to be noted that the above letter suspended, it did not dismiss, the plaintiff. Sometime after this suit was begun, the plaintiff was notified of his dismissal.

protested its denial. (42 U.S.C. §§ 1981, 1983.)

The complaint was filed on January 14, 1965. On January 15th, the court heard the plaintiff's ex parte motion for a restraining order and denied it by order filed on January 19th. On February 4th the defendants filed a motion to dismiss for failure to state a cause of action upon which relief could be granted. On May 14th, a hearing on the motion was held, and on August 19th an order was entered denying any relief and dismissing the action with prejudice.

We think it obvious, from our consideration of the court's order, that the court disposed of the plaintiff's case on its merits and denied in exercise of its discretion the requested injunctive relief on the basis of the facts set forth in the complaint and the admissions made by parties through counsel at the hearing below. The case is not without its problems, but we think the court's action was correct and certainly there was no abuse of discretion.

■ The district court had before it the complaint and the defendant's motion for dismissal for failure to state a cause of action. The district judge could properly treat this motion as a motion for summary judgment under rules 12(b) and (c).[2] "[A]ffidavits, as such, proffered normally by the moving party are not indispensably required where exhibits annexed to a plaintiff's complaint * * * demonstrate that the contention of the party is something different from the barebones formal allegations." Smoot v. State Farm Mut. Auto. Ins. Co., 299 F.2d 525, 528 (5 Cir. 1962). Further the defendant may support his mo-

tion by allegations of fact contained in the complaint. The motion here has been supported by allegations in the complaint which show a valid ground for the school board's action of dismissal.[3] The plaintiff has alleged only that the purpose of his dismissal was discriminatory without any offer of proof. This is not sufficient to prevent a summary judgment. "[W]hen a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence." Bruce Construction Corp. v. United States, 242 F.2d 873, 875 (5 Cir. 1957).

■ Though "summary procedures should be used sparingly * * * where motive and intent play leading roles, [and] the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot," Poller v. C. B. S., 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), this does not mean that granting summary judgment is never proper in such a case. Plaintiff here has made no attempt to support his allegation through affidavits or by deposing the members of the school board. He has had notice of this shortcoming and ample opportunity to remedy it. Seven months before the final order the district judge said, in denying a motion for a temporary restraining order, "There is no assertion or proof by the plaintiff that such action was not the usual or customary manner of procedure of the defendants in like circumstances." In the absence of any attempt at proof the only reasonable conclusion which the district

2. If, on motion to dismiss "for failure of the pleadings to state a claim upon which relief can be granted," or "on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material pertinent to such motion by Rule 56." F.R.Civ.P. 12(b), (c).

3. "6(a) * * * On December 30, 1965, plaintiff was tried and convicted of the alleged offenses [of December 24] in the Municipal Court of the City of Charleston. * * *"

　　* 　　* 　　* 　　* 　　*

"(c) That plaintiff is informed and believes that the action of the Defendants in dismissing him * * * was by reason of his alleged misconduct on December 24, 1964, as set forth above."

court could come to was that there was no genuine issue of fact.

■ We think the court was justified in rejecting the plaintiff's due process claims. The law of South Carolina, Code § 21-230(2) (1962), specifically vests in the defendant school Trustees the right to discharge teachers for good and sufficient reasons. The school laws of the state also provide that any person aggrieved by action of a Board of Trustees in reference to the administration of the school laws may appeal to the County Board of Education by verified petition within 10 days of the action complained of. The law further provides for appeal from the decision of the County Board to a court of general jurisdiction by the simple process of filing a verified petition within 10 days. Code of S.C. § 21-247.5 (1962). Finally, the laws of South Carolina provide that a School Board may sue or be sued in its own name as a public body. Code of S.C. § 21-111 (1962).

We cite the state law because the plaintiff alleged that he had no adequate remedy under the laws of the state. The plaintiff admitted, however, in his district court hearing that he had taken no steps to pursue any administrative remedies or his rights under that law, nor did he allege or offer to show any facts to support his allegation that his state remedies were inadequate. It is to be noted that the action taken by the school superintendent on December 31st, the day after plaintiff's conviction, was not a dismissal as alleged in the complaint but a notice of suspension as shown by plaintiff's Exhibit "A" attached to his complaint, and while it is true that the plaintiff was finally dismissed by the school authorities after he had filed suit in the district court, he at no time prior to suit even notified the school authorities of any objection to his suspension or of any defense which he claimed to the charges under which he was convicted.[4] While we recognize that the plaintiff has supplementary remedies in the federal courts for violation of his constitutional rights which may be enforced by those courts without obligation to abstain while a party undertakes to exhaust inadequate or ineffective state remedies, McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), we do not think that under the circumstances of this case the court abused its discretion in refusing the plaintiff equitable relief on the ground that his right to due process had been violated by the action of the defendant superintendent in suspending him after his conviction on December 30th.

At the hearing for a temporary restraining order on January 15th, counsel for the plaintiff conceded to the court that no effort had been made to inform the school authorities of his position and in spite of the court's order citing this fact in denying the restraining order on January 19th, no action was taken by the plaintiff dehors this suit nor were affidavits filed asserting defenses nor were the pleadings amended to explain or justify his failure to take advantage of the procedures available under state law during the interval between January 19th and the date of the hearing on the motion to dismiss held on May 14, 1965.

We think too the court was justified in rejecting the plaintiff's contention that his right to equal protection of the laws was violated by the action of the school Trustees. That the Trustees had the statutory duty and responsibility of supervising the conduct of teachers and of dismissing them in proper cases is conceded. Adler v. Board of Education, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517 (1952); Garner v. Board of Public

---

4. Counsel for the plaintiff asserts in this court that he appealed his conviction in the Municipal Court to the State Circuit Court. He concedes that no action has been taken to press the appeal in spite of the occurrence of several terms for the hearing of criminal cases and that the appeal has not been heard to date. Indeed as the district court points out, the plaintiff nowhere specifically alleges that he was not guilty of the charges upon which his conviction rested.

Works of City of Los Angeles, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317 (1951). In *Adler* the Court said:

"That the school authorities have the right and the duty to screen the officials, teachers, and employees as to their fitness to maintain the integrity of the schools as a part of ordered society, cannot be doubted."

 The Supreme Court has also declared that fitness for teaching depends on a broad range of factors, and that there is no requirement in the federal Constitution that classroom conduct must be the sole basis for fitness. Beilan v. Board of Education, 357 U.S. 399, 78 S.Ct. 1317, 2 L.Ed.2d 1414 (1958). It is, of course, true that the Board's discretion may not be exercised in an arbitrary and capricious manner, nor may the Board exercise its discretion in a discriminatory manner. Johnson v. Branch, 364 F.2d 177 (4 Cir. 1966); Franklin v. County School Board of Giles County, 360 F.2d 325 (4 Cir. 1966), and cases cited therein. Given the plaintiff's admission that he had been convicted by the Municipal Court of public drunkenness and assaulting an officer and that his suspension was "by reason of his alleged misconduct," his failure to allege or contend that the defendants had in any way colluded or conspired in that conviction or had any knowledge of any impropriety therein, we think the court had before it objective facts shown on the face of the complaint which supported the discretionary action of the Board and which, combined with his failure to notify the Board of any defense, constituted an insuperable bar of relief, Cf. Legget v. Montgomery Ward & Co., 178 F.2d 436 (10 Cir. 1949); Bach v. Quigan, 5 F.R.D. 34 (D.C.N.Y.1945).

We think these facts left no genuine issue of fact to be decided and even giving the plaintiff the benefit of all reasonable doubt, see Wright, Federal Courts pg. 387 (1963), the defendants were entitled to the summary judgment which the court granted.

Affirmed.