Thomas M. WRIGHT, Plaintiff,

v.

SOUTHEAST ALABAMA GAS DISTRICT, Defendant.

Civ. A. No. 4200-N.

United States District Court,
M. D. Alabama, N. D.

June 7, 1974.

George C. Longshore, Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiff.

Michael J. Shershin, Jr., Constangy & Prowell, Atlanta, Ga., and Griffin Sikes, Andalusia, Ala., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

VARNER, District Judge.

The above-styled cause having been heard in open Court and decided by a jury on April 4, 1974, it is now submitted upon the facts to this Court for determination of certain allegedly equitable matters presented by the parties.

This civil action was brought pursuant to 42 U.S.C. § 1983, seeking legal and equitable relief for the alleged illegal firing of the Plaintiff due to his involvement in labor union activities. The legal relief sought was in the form of damages. The equitable relief sought included reinstatement, back wages and attorneys' fees. The jury found, as a matter of fact, that the discharge of Thomas M. Wright was improperly based on his labor union activities and awarded damages in the amount of $5,000.00 though no special damages were proved.[1] Plaintiff prays that the Court reinstate him to his former job and award him back wages and attorneys' fees. The parties have submitted post-trial briefs thereon.

It is the opinion of this Court that, since Mr. Wright's discharge was determined by the jury to be unlawful,

---

1. It was proved that Wright was receiving a monthly salary of $490.00 when he was discharged. The Court charged the jury that it might award damages for humiliation and embarrassment and punitive damages for willful misconduct.

he is entitled to be reinstated. Judgment will enter accordingly, and judgment will enter for the Plaintiff conforming to the jury's verdict.

## BACK PAY

 While proof of an unlawful discharge alone gives Plaintiff the right to reinstatement, it does not, standing alone, entitle Plaintiff to back pay. The Court in United States v. Georgia Power Co., 5 Cir., 474 F.2d 906, 922, stated the following:

"But, back wages are not to be automatically granted whenever a person is ordered to be reinstated. The wages sought must be 'properly owing to the plaintiffs.' This requires positive proof that plaintiff was ordinarily entitled to the wages in question and, being without fault, would have received them in the ordinary course of things but for the inequitable conduct of the party from whom the wages are claimed."

See also Harkless et al. v. Sweeny Independent School District et al., 5 Cir., 427 F.2d 319. Plaintiff is entitled only to that amount of back pay he lost because of the discharge. He cannot collect pay from two employers at one time while working for only one. Mr. Wright offered proof of his monthly income at the time of his termination and the number of months he was laid-off, but he failed to show that he actually lost any amount of money. For aught that was proved, Plaintiff Wright could very well have had employment at an advanced salary elsewhere after his discharge by the Defendant. The burden to prove damages is traditionally on the Plaintiff.[2] Plaintiff Wright failed to prove that he had no earnings after his discharge by De-

fendant. Accordingly, Plaintiff's request for back pay will be denied.

## ATTORNEY'S FEE

In addition to the foregoing, Plaintiff Wright requests that the Court require the Defendant to pay a reasonable attorney's fee to Plaintiff's attorney for his services herein. In the opinion of this Court, such relief is not appropriate.

 Traditionally, Plaintiff's attorney's fee may not be awarded either as damages or as costs. Fleischmann Dist. Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475; Day v. Woodworth, 13 How. 363, 54 U.S. 363, 14 L.Ed. 181. Recognized exceptions are of three classes: (1) Where a statute provides therefor; (2) where a contract provides therefor; and (3) where a recognized equitable principle requires that the defendant pay plaintiff's attorneys' fees. 6 Moore's Federal Practice 1704. Cases in the latter category include cases wherein a party has indulged in frivolous litigation in bad faith, vexatiously, wantonly, or for oppressive reasons and cases wherein a stockholder sues a corporation for ultra vires acts under circumstances considered to accrue benefits to the corporation.

In the case of Bradley v. School Board of the City of Richmond, Va., 4 Cir., 345 F.2d 310, a class action brought in the lengthy desegregation proceedings of the Richmond County schools, the Court pronounced what was in 1965 the law regarding the granting of attorneys' fees to plaintiffs' attorneys in civil rights cases as follows:

"It is only in the extraordinary case that such an award of attorneys' fees is requisite. In school cases through-

---

2. Plaintiff relies on NLRB v. Mastro Plastics Corp., 2 Cir., 354 F.2d 170, 175, and other NLRB cases to establish that the burden is on the employer to establish that the employee had no interim salary to mitigate his damages for loss of back pay. The NLRB cases are not applicable as, in those cases, the holding of another job is an affirmative defense which must be pleaded and proved by the defendant after the plaintiff has of-

fered proof that he had no other job and none was available, while in routine civil rights cases a plaintiff has the burden of proving his damages. The Plaintiff "having knowledge of the facts involved" had the burden of proving that he actually suffered a loss. United States v. New York, etc. RR Co., 355 U.S. 253, 78 S.Ct. 212, 2 L.Ed.2d 247; 9 Wigmore, Evidence § 2846; p. 275 (3rd Ed. 1940).

out the country, plaintiffs have been obtaining very substantial relief, but the only case in which an Appellate Court has directed an award of attorneys' fees is the Bell case (Bell v. School Board of Powhatan County, Va., 321 F.2d 494 [4 CA 1963]) in this Circuit. Such an award is not commanded by the fact that substantial relief is obtained. Attorneys' fees are appropriate only when it is found that the bringing of the action should have been unnecessary and was compelled by the school board's unreasonable, obdurate obstinacy. Whether or not the board's prior conduct was so unreasonable in that sense was initially for the District Judge to determine." (Parenthetical expression added)

The dissenting opinion in that case insisted that the district court did not allow sufficient attorneys' fees and stated the following:

"The principle applied by this court in Bell v. School Board of Powhatan County, Virginia, 321 F.2d 494, needs to be extended, not narrowed."

Obviously, Judges Sobeloff and Bell felt that the Bell case had limited such fees to the most extreme cases of official recalcitrance but that the Court should change the law so as to award attorneys' fees "whenever children are compelled by deliberate official action or inaction to resort to lawyers and courts to vindicate their clearly established and indisputable right to a desegregated education". That case was reviewed and reversed on other grounds by the Supreme Court, Bradley v. School Bd. of Richmond, 382 U.S. 103, 86 S.Ct. 224, 15 L. Ed.2d 187, and was remanded for evidentiary hearings not theretofore held. However, the Supreme Court at that time, November, 1965, saw no occasion to revise the ruling of the Court of Appeals limiting attorneys' fees in such cases to situations where the defendants were obdurately obstinate. The progeny of that case include Bradley v. School Bd. of City of Richmond, D.C., 53 F.R. D. 28, 33–43, wherein the Court wrote extensively on the duty of courts relative to such matters and granted a substantial attorney's fee based upon a finding of obstinacy by the defendant.

That opinion demonstrates equity power to tax a prevailing attorney's fee against a losing party especially in civil rights class actions concerning effectuation of a public policy.

While virtually every law establishing a remedy may be said to declare a public policy, the courts have confined their awards-of-fees-to-encourage-litigation policy to violations of civil rights acts wherein, as said in *Bradley*, supra, 53 F.R.D. at 42:

"[6] The private lawyer in such a case most accurately may be described as 'a private attorney general.' Whatever the conduct of defendants may have been, it is intolerably anomalous that counsel entrusted with guarantying the effectuation of a public policy of nondiscrimination as to a large proportion of citizens should be compelled to look to himself or to private individuals for the resources needed to make his proof. The fulfillment of constitutional guaranties, when to do so profoundly alters a key social institution and causes reverberations of untraceable extent throughout the community, is not a private matter. * * * Under the Civil Rights Act courts are required fully to remedy an established wrong, Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 232–234, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1965), and the payment of fees and expenses in class actions like this one is a necessary ingredient of such a remedy."

Certainly, a fee should not be granted the winning plaintiff's attorney in every suit brought pursuant to a federal statute simply to effectuate a congressional policy.

It is clear that the language of virtually all of the cases granting attorneys' fees to successful attorneys in civil rights cases is limited to class action cases where the attorney's services ef-

fect a benefit to a large proportion of citizens while he must look to himself or to private individuals for compensation or where the actions of the defendant were obdurately obstinate. It does appear that the "discretion" of the trial court authorized by Congress in 42 U.S. C. § 2000a–3(b) and adopted by the courts as being applicable in class-action suits brought under 42 U.S.C. § 1982, et al, is virtually a mandate in such cases.

■ Turning, first, to the question of obdurate obstinacy, the Defendant's evidence was that the Plaintiff Wright was fired because he was unable or refused to make out certain reports required in connection with his job. He admitted that he did not make such reports but stated that whoever went with him on the job made out the report. The totality of the testimony from the Defendant was that, at the time of Wright's discharge, no person associated with the management of the company knew that Wright had in any way contributed to the attempt to organize a labor union among the employees of the company. The jury, on the basis of testimony that Wright was fired almost immediately after the meeting at which he and Dewrell attempted to form a labor union among employees of the Defendant Company, found that one of the contributing causes for firing Wright was prejudice against labor activities among the management of the Company. In this Court's opinion, there was in this case a substantial factual defense which the Defendant sought to establish and which the Company should not be punished for seeking to establish.

Accordingly, this Court finds, not only that the Defendant was not obdurately obstinate in refusing to continue Wright in its employment prior to this Court's order, but also that no equitable principle justifies this Court's imposing Wright's attorney's fees on the Defendant. This proceeding is not a class action and is not likely to involve the interest of a large number of people. It was brought purely for Wright's benefit, and the jury awarded him substantial damages under the circumstances. It having been keenly contested on what appears to this Court to have been a rational and proper defense which, under the evidence, the jury might have adopted, the principles of equity require that each party pay his own attorney and an order will enter accordingly.

## ORDER AND JUDGMENT

On the 4th day of April, 1974, after this cause had been submitted to a jury, a verdict was returned by said jury as follows:

"We, the Jury, find the issues in favor of the plaintiff and assess his damages at $5,000.

"This the 4th day of April, 1974.
/s/ Jacqueline W. Mallory
Foreman"

It is, therefore,

Ordered, adjudged and decreed by the Court that the Plaintiff have and recover of the Defendant the sum of $5,000.00 and that the Defendant pay all costs accrued in this action, for all of which execution may issue. It is further

Ordered, adjudged and decreed by the Court that, pursuant to the findings of fact and conclusions of law entered by this Court in the above-styled cause on June 7, 1974:

(1) The Defendant, Southeast Alabama Gas District, reinstate Plaintiff to the position held by him immediately before his discharge as an employee of Southeast Alabama Gas District within ten days from the date of this order.

(2) Other equitable relief prayed for is hereby denied.