**Steven MOORE, Plaintiff,**

v.

**Robert KIBBEE, Chancellor of the Board of Higher Education of the City of New York, Individually and in his official capacity, et al., Defendants.**

**No. 74 C 1011.**

United States District Court,
E. D. New York.

Nov. 19, 1974.

Evelyn A. Williams, New York City, for plaintiff.

Adrian P. Burke, Corp. Counsel, by Donald Nussbaum, New York City, for defendants.

*Memorandum and Order*

PLATT, District Judge.

Following this Court's Order dated September 11, 1974, denying plaintiff's motion for a preliminary injunction (381 F.Supp. 834), defendants have moved to dismiss plaintiff's complaint herein pursuant to F.R.Civ.P. Rule 12 (b)(6) on the ground that it fails to state a claim upon which relief can be granted.

In view of the fact that on the above-cited preliminary injunction motion the parties presented matters outside the pleading in the form of affidavits and exhibits annexed thereto, the present motion shall be treated as one for summary judgment and disposed of as provided in F.R.C.P. Rule 56 in accordance with the provisions of F.R.C.P. Rule 12 (b).

The facts are set forth and discussed in detail in the above cited opinion and will not be re-stated in full herein. Suffice it to state for the purposes of the present motion that plaintiff alleges that jurisdiction is based upon 28 U.S.C. § 1341 and 42 U.S.C. § 1983 and also the following:

During the period from October of 1971 through June of 1974, plaintiff held a position as a counsellor in the Community Scholar Program and as assistant to the Higher Education Officer in the Higher Education Office at Staten Island Community College. His contract was concededly an annual and verbal one and he did not have tenure. His performance apparently was satisfactory from October 1971 until the Fall of 1973. Thereafter, there is a considerable dispute with respect to the facts, plaintiff claiming that his performance continued to be satisfactory whereas various of his superiors were of a contrary view.

On April 24, 1974, plaintiff received a letter from a Vice President of the College advising him that his reappointment had not been approved and his employment would terminate on June 30, 1974. No reason was given for the defendants' refusal to reappoint him.

Plaintiff appealed this decision to the Higher Education Screening Committee which was then composed of eight white and two black members. After a hearing and on May 29, 1974, the Chairman of the Committee advised the plaintiff that the Committee had voted not to sustain his appeal.

On May 21, 1974, plaintiff presented his grievance to the Affirmative Action Advisory Board which on June 5, 1974, advised that it had found sufficient evidence to support an affirmative action grievance for reasons which were unrelated to plaintiff's complaint that the College's decision not to rehire was racially motivated.

The Affirmative Action Advisory Board's finding and the Higher Education Screening Committee's decision were re-presented to the defendant, President Birenbaum, before he denied on June 28, 1974, plaintiff's appeal for reappointment.

In his complaint plaintiff merely alleges that the sole basis for his non-reappointment was because of his race (black) and that his election to the Black Caucus, a Staten Island Community College organization consisting of students, staff and faculty was a contributing factor thereto.

The defendants have presented affidavits and other proof which show that the defendant, Dr. James Wooten, plaintiff's immediate superior, is also black and as indicated above, the Higher Education Screening Committee which voted not to sustain plaintiff's appeal was composed of two blacks and eight white members. Defendants also submitted an affidavit setting forth that there were 33 blacks reappointed to the full-time professional staff and that of these three blacks achieved tenure according to University policy and that there are also five additional blacks on staff who had achieved tenure previously.

It is established law that teachers and other professional staff members at a State college such as the Staten Island Community College may not be discriminatorily hired, assigned, dismissed, or demoted because of race or color. Green v. County School Board, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968); Rogers v. Paul, 382 U.S. 198, 86 S.Ct. 358, 15 L.Ed.2d 265 (1965); Bradley v. School Board of City of Richmond, 382 U.S. 103, 86 S.Ct. 224, 15 L.Ed.2d 187 (1965); Stell v. Board of Education for City of Savannah, 387 F.2d 486 (5th Cir. 1967); Quality Education for All Children, Inc., et al.,

v. School Board of School District #205 of Winnebago County, Illinois, 362 F. Supp. 985 (D.C.1973).

■ It is also true that in a complaint grounded on 42 U.S.C. § 1983, plaintiff must set forth in detail facts showing some intentional purpose or deprivation of constitutional rights. Powell v. Workmen's Compensation, 327 F.2d 131 (2d Cir. 1964); Williams v. Hyde County Board of Education, 490 F.2d 1231 (4th Cir. 1974).

In his answering affidavit on this motion plaintiff points out that in the *Williams* case, *supra,* "the complaint was dismissed only after depositions had been taken and not on the complaint itself". Inferentially, he appears to be asking for a "continuance to permit * * * depositions to be taken or discovery to be had" pursuant to F.R.C.P. Rule 56(f) prior to a determination of defendants' motion.

■ Under all of the circumstances, this Court is inclined to grant such request for a continuance and accordingly will, except as hereinafter indicated, deny defendants' motion at this time without prejudice to a renewal thereof following the pre-trial discovery directed in this Court's above-cited decision.

■ On the oral argument at which counsel for plaintiff failed to appear, defense counsel requested a decision on that part of the complaint as alleges and is based upon a claim of deprivation of due process. To the extent that the complaint is so grounded, this issue is decided adversely to the plaintiff who is concededly a non-tenured teacher and who was not given any reason for the failure to reappoint. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Taylor v. Monserrat, 73 Civil 793, D.C.E.D.N.Y., 1974, Judd, J., and cases cited therein.

So ordered.