977 F.2d 574
 78 Ed. Law Rep. 41
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Deborah A. STONE; Janet Ellen Dietrich; Ruth M. Logue, as
individuals and representatives of the class of
involuntarily transferred teachers; Gary F. Kaul; Karen
Kay Wass; Katherine L. Haselton; Norma J. Hetrick;
William Schyman; Joseph Price; John A. Lapolla, Jr.;
Louis Reck; Sandra Sue Serf, Plaintiffs-Appellants,
Sylvester J. VAUGHNS, Jr., by his father and next friend,
Sylvester J. Vaughns; James R. L. Brooks, Jr., by his
father and next friend, James R. L. Brooks; Reginald Wiggs,
by his father and next friend, Hosea D. Wiggs; Reginald A.
Jackson, Jr., by his father and next friend, Reginald A.
Jackson; Carolyn Gilmore, by her father and next friend,
Sterling K. Gilmore, John A. Williams, individually and on
behalf of all other persons similarly situated; National
Association for the Advancement of Colored People, Prince
George's County Chapter, an unincorporated association; Mr.
and Mrs. Thomas Newman; Robert and Delores J. Williams;
Mr.and Mrs. Glenn J. Sterling; John and Florence Rosser and
the United States of America, Plaintiffs-Appellees,
v.
PRINCE GEORGE'S COUNTY BOARD OF EDUCATION, Defendant-Appellee.
 No. 91-2127.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 6, 1992
Decided: September 28, 1992
As Amended Dec. 11, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge.
 Argued: Clint Daniel Bolick, Institute for Justice, Washington, D.C., for Appellants. Andrew Wayne Nussbaum, Reichelt, Nussbaum, Brown, Dukes & Laplaca, Greenbelt, Maryland; Daniel Benjamin Kohrman, Hogan & Hartson, Washington, D.C., for Appellees.
 On Brief: William H. Mellor, III, Jonathan W. Emord, Institute for Justice, Washington, D.C.; Jerald Hill, Mark Bredemeier, Allyson Tucker, Landmark Legal Foundation, Washington, D.C., for Appellants. Paul M. Nussbaum, Nussbaum, Brown, Dukes & LaPlaca, Greenbelt, Maryland; George H. Mernick, III, Paul A. Minorini, Hogan & Hartson, Washington, D.C., for Appellees.
 D.Md.
 AFFIRMED.
 OPINION
 Before WIDENER, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case originated in the adoption by the Prince George's County Board of Education (Board) of Rule 4115.3 in 1971, which requires that "the teaching staff of each of the various public schools of Prince George's County ... be generally consistent with and reflective of the County-wide racial composition of all teachers employed by the Board of Education." To achieve this goal, the Board adopted two corollary race-conscious teacher assignment rules. In 1972, after the Board already had adopted Rule 4115.3 and had begun implementing procedures for correcting racial segregation in faculty assignments, a class-action suit was filed against the Board seeking to eliminate segregated conditions and their vestiges from the County school system. Vaughns v. Bd of Educ. of Prince George's County, 355 F. Supp. 1034 (D.Md. 1972); 355 F. Supp. 1038 (D.Md. 1972); 355 F. Supp. 1051 (D.Md. 1972), aff'd, No. 73-1024 (4th Cir. Jan. 23, 1973), cert. denied sub nom, 410 U.S. 910 (1973) (Vaughns I ). In Vaughns I, The district court granted the plaintiffs' motion for summary judgment, holding that the defendants had maintained a school system racially segregated by law until 1954 and had failed to take adequate steps to dismantle that system between 1954 and 1972. As a result, the district court ordered the Board to develop a workable desegregation plan, but noted in its opinion that it had "been informed by counsel for both sides that ... a plan for faculty [integration was] already in existence," referring to the existence of Rule 4115.3 Vaughns I, 355 F. Supp. 1034, 1037 n.3. The agreements among the parties concerning a faculty desegregation plan were embodied in a consent decree dated February 20, 1974. Vaughns II, 574 F. Supp. at 1284. In 1974 and 1975, the district court relinquished jurisdiction in Vaughns subject to the right of any party to seek to have the court again resume jurisdiction. Id. at 1284-85.
 
 
 2
 On September 1, 1981, a motion to reopen the Vaughns litigation was filed by the National Association for the Advancement of Colored People (NAACP), alleging, inter alia, that the Board had disproportionately assigned black teachers to black schools and white teachers to white schools. The district court found, after reviewing the history of the Vaughns litigation and the racial composition of the faculties of the County schools, that "with respect to faculty assignments, there presently [were] no vestiges of past racial segregation, no indications since 1973 of any discriminatory actions of lack of actions, and no violations of any orders of" the district court. Vaughns v. Bd. of Educ. of Prince George's County, 574 F. Supp. 1280, 1293 (D.Md. 1983), aff'd in part, rev'd in part, 758 F.2d 983 (4th Cir. 1985) (Vaughns II ). The district court, therefore, declined the plaintiffs' request for court-ordered teacher reassignments. However, the district court did find that vestiges of segregation did remain in student assignments.
 
 
 3
 The present action was brought in 1989 by 35 tenured teachers (32 white and 3 black). The plaintiffs had been involuntarily transferred by the Board in derogation of their seniority pursuant to the Board's race-conscious faculty assignment policy. All parties met and submitted detailed factual stipulations concerning the challenged policy. Following briefing and oral argument, the district court decided that the challenged policies did not violate either the U.S. Constitution or Title VII, although the court did order several modifications to the teacher transfer policy which, in general, required it to be based on the racial makeup of the faculty rather than the community.
 
 
 4
 After argument of this case in this court, the Supreme Court decided Freeman v. Pitts, 60 U.S.L.W. 4286 (1992). The principal holding in Freeman is that " ... a district court is permitted to withdraw judicial supervision with respect to discrete categories in which the school district has achieved compliance with a court-ordered desegregation plan. A district court need not retain active control of every aspect of school administration until a school district has demonstrated unitary status in all facets of its system." 60 U.S.L.W. at 4287. The Court reasoned that "[a] federal court in a school desegregation case has the discretion to order an incremental or partial withdrawal of its supervision and control." p.4292. And, in discussing whether or not a district court should be prohibited from returning to the school district partial control over some of its affairs, its reasoning continued that " ... a continuing violation in one area may need to be addressed by remedies in another." 60 U.S.L.W. at 4294. It cited Bradley v. Richmond School Board, 382 U.S. 103, 105 (1965) (per curiam), for the proposition that the relation between faculty allocation on a racial basis and the adequacy of desegregation plans is not entirely speculative, and, more importantly, the district court's opinion below,* from which this case grew, for the proposition that "the components of a school desegregation plan are interdependent upon, and interact with, one another, so that changes with respect to one component may impinge upon the success or failure of another." p.4295.
 
 
 5
 The district court, in our case, while it acknowledged that there was no need to continue assignment of faculty by race so far as the faculty itself was concerned, found that the racially based faculty assignment plan was critical to the desegregation plan of Prince Georges County. It found that the faculty assignment plan was necessary to avoid a racially identifiable faculty, in default of which the success of the overall school desegregation program might well be threatened and result in the sole option of altered student assignment policies. It found that "[s]uch a drastic limitation with respect to alternatives may well doom the Board's pursuit of unitary status to failure."
 
 
 6
 We think these findings of the district court as to cause and effect are largely factual and are not clearly erroneous. We are further of opinion that the district court did not abuse its discretion, as the Court discussed in Freeman, in declining to withdraw its supervision of faculty assignments.
 
 
 7
 While the faculty assignment plan in no sense might be considered permanent, as the district court recognized and the Supreme Court has required, Freeman at 4292, in the case before us, we are of opinion that the plaintiffs have not been deprived of equal protection of the law under the 14th Amendment.
 
 
 8
 While the findings of the district court might have been phrased somewhat differently had Freeman been decided prior to its decision, we think the findings that it made are adequate under Freeman and cannot be misunderstood.
 
 
 9
 The judgment of the district court is accordingly AFFIRMED.
 
 
 
 *
 Sub nom Vaughns v. Board of Ed. of Prince George's County, 742 F. Supp. 1275 (D.Md. 1990)